[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2005
THOMAS K. KAHN
CLERK

No. 05-10296
Non-Argument Calendar

_____

D. C. Docket No. 04-01247-CV-J-12-MMH

DUKE FREDERICK CRANFORD,

Plaintiff-Appellant,

versus

ROBERT BAYER, Director of Prisons,
JAMES CROSBY, Secretary, DOC,
JAMES COUNTRYMAN, Chaplain,
S. HASKELL, Senior Chaplain,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 13, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Duke Frederick Cranford ("Cranford"), a prisoner proceeding pro se and in forma pauperis, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). After prison officials prevented Cranford, a Muslim, from participating in a prayer and khutba (sermon) prior to noon during Eid Al-Fitr (the three-day Islamic celebration following Ramadan), Cranford filed suit against: (1) Robert Bayer, the Director of Prisons in Nevada; (2) Michael Moore, the Secretary of the Department of Corrections in Florida; and (3) James Countryman and J. Haskell, Chaplain and Senior Chaplain at Hamilton Correctional Institute ("HCI") in Florida. The Defendants were never served a copy of Cranford's complaint, and the district court, acting sua sponte, dismissed his suit without prejudice.

On appeal, Cranford first argues that the district court abused its discretion by dismissing his complaint as frivolous, because under Islamic law, he was required to pray in a specified manner, and the defendants restricted his First Amendment right to freedom of religion by prohibiting him from doing so.

We review a district court's sua sponte dismissal of a claim as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). A claim is frivolous if it is without arguable

2

merit either in law or fact. Id. As we have explained, "because district judges remain more familiar with and are more experienced to recognize potentially frivolous claims . . . [a] determination of frivolity is best left to the district court." Id.

In evaluating prisoners' constitutional challenges to prison regulations that implicate constitutional rights, courts have "[a]ccorded wide-ranging deference [to prison administrators] in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Lawson v. Singletary, 85 F.3d 502, 510 (11th Cir. 1996). Accordingly, in Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987), the Supreme Court held that when a prison regulation impinges upon an inmate's constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. Turner, 482 U.S. at 89, 107 S.Ct. at 2261. To determine whether a prison policy is reasonable, district courts must determine (1) whether there is a "valid, rational connection" between the prison regulation and the legitimate governmental interest put forth to justify the regulation; (2) whether, under the restriction imposed, prisoners have alternative means for exercising the asserted constitutional right; (3) the impact that accommodating the asserted constitutional right will have on prison staff, inmates,

3

and the allocation of prison resources; and (4) whether the regulation in question is an "exaggerated response" to prison concerns. Turner, 482 U.S. at 89-91, 107 S.Ct. at 2261-62.

In the instant case, the Defendants were not served with Cranford's complaint, and, thus never responded to his allegations. The district court relied upon the Chaplaincy Services' justification for the decision to split the prayer and khutba, as stated in its response to Cranford's grievance – that the decision to do so was "common practice within the correctional setting due to time, space and staffing concerns" – but there is no evidence in the record indicating what the official policy, regulation or practice is. Nor is there evidence of the rationale for the practice, or how it was applied to Cranford. Without such evidence, it is impossible to apply the Turner test to determine if that policy was reasonable. See Turner, 482 U.S. at 89-91, 107 S.Ct. at 2261-62. Accordingly, the Defendants should be required to respond to Cranford's claim and to provide an explanation relating to the regulation that prohibited Cranford from conducting a prayer and khutba before noon during Eid Al-Fitr, and why Defendants contend it satisfies the Supreme Court's standard set forth in Turner. Therefore, the district court abused its discretion in dismissing Cranford's complaint as frivolous, and we vacate and remand for further proceedings.

**VACATED AND REMANDED.**[1]

---

[1] Cranford's pending motions are denied.