**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2005
THOMAS K. KAHN
CLERK

_____

**No. 05-13659**
**Non-Argument Calendar**

_____

D. C. Docket Nos. 04-03461-CV-1-KOB & 04-03462-CV-1-K


1:04cv03461
THRESA LYNN WILLIAMS,

                                        Plaintiff-Appellant,


versus


ALABAMA PUBLIC HEALTH DEPARTMENT,
RAVONDA STEPHENS,


                                        Defendants-Appellees.
_____ ___
1:04cv03462
THRESA LYNN WILLIAMS,

                                        Plaintiff-Appellant,


versus


ALABAMA MEDICAID AGENCY,
DEBORAH POE,
WENCY MCMEANS,
Agents for Alabama Medicaid Agency,


                                        Defendants-Appellees.

_____

**Appeal from the United States District Court
for the Northern District of Alabama**

_____

**(December 14, 2005)**

**Before ANDERSON, BIRCH and CARNES, Circuit Judges.**

**PER CURIAM:**

On December 17, 2004, Thresa Lynn Williams filed a <u>pro se</u> complaint

against the Alabama Public Health Department and Ravonda Stephens, alleging

acts of harassment during her employment as an outstation medicaid eligibility

specialist. The district court construed her complaint as a 42 U.S.C. § 1983 hostile

work environment action. On May 27, 2005, the district court dismissed the

complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Williams appeals

from that order.[1]

To establish a hostile work environment claim, Williams must show that:

1) she belongs to a protected group; (2) she has been subject to unwelcome

harassment; (3) the harassment was based on a protected characteristic of the

---

[1] Williams also submitted a separate <u>pro se</u> complaint against the Alabama Medicaid
Agency, Deborah Poe, and Wency McMeans. The district court treated this complaint together
with the complaint against Alabama Public Health and Stephens. Williams only appeals the
order of dismissal as to her complaint against Alabama Public Health and Stephens.

employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for the environment under either a theory of vicarious or direct liability. See Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).

The district court had authority to dismiss Williams' case if it determined that her action was frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A case is frivolous if the factual allegations are clearly baseless or if it is based on a "indisputably meritless legal theory." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833 (1989). We review the district's court dismissal of Williams' claim for frivolity only for an abuse of discretion. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

The district court did not abuse its discretion in dismissing Williams' case as frivolous. Williams' allegations are insufficient to meet the third prong of a hostile work environment claim. She alleged that her co-workers' conduct was annoying and unprofessional but failed to allege that it was attributable to her membership in a protected category. For this reason, Williams does not have a legally cognizable hostile work environment claim under § 1983. Her claim is based on an indisputably meritless legal theory. Accordingly, the district court did

3

not abuse its discretion in dismissing Williams' claim as frivolous.

**AFFIRMED.**