[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2006
THOMAS K. KAHN
CLERK

No. 04-15280
Non-Argument Calendar
_____

D. C. Docket No. 04-00349-CV-OC-10-GRJ

ALBERT SHAW NELSON,

Plaintiff-Appellant,

versus

C. JIMENEZ,
Discipline Hearing Officer,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 2, 2006)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Federal prisoner Albert Shaw Nelson, pro se, appeals the dismissal, on

frivolity review, of his complaint filed pursuant to <u>Bivens v. Six Unknown Named</u>

<u>Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 395-397, 91 S.Ct. 1999,

2004-05, 29 L.Ed.2d 619 (1971), for failure to state a claim. Nelson sued Jimenez,

a federal disciplinary hearing officer, alleging that Jimenez violated his Fifth

Amendment due process rights during a disciplinary proceeding that upheld

charges against Nelson for possession of marijuana and abuse of the mail system.

He argues that his case is cognizable pursuant to United States Supreme Court law

because his claim did not challenge the fact of his conviction or duration of his

sentence, it fell outside the core of habeas corpus, and success would not

necessarily spell immediate or speedier release.

We review a district court's <u>sua</u> <u>sponte</u> dismissal of a claim as frivolous

under 28 U.S.C. § 1915 for abuse of discretion. <u>Bilal v. Driver</u>, 251 F.3d 1346,

1349 (11th Cir. 2001). Pursuant to 28 U.S.C § 1915, a district court may dismiss a

case filed <u>in</u> <u>forma</u> <u>pauperis</u> at any time if it is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(i-iii). "A

claim is frivolous if it is without arguable merit either in law or fact." <u>Bilal</u>, 251

F.3d at 1349.

In <u>Bivens</u>, the Supreme Court held that injured plaintiffs can bring a cause of

2

action for damages against federal officers based on violations of the plaintiffs' constitutional rights.  Bivens, 403 U.S. at 395-397, 91 S.Ct. at 2004-05.  Bivens involved alleged violations of the Fourth Amendment, but the Supreme Court has also allowed Bivens actions for violations of the Due Process Clause of the Fifth Amendment.  Davis v. Passman, 442 U.S. 228, 233-249, 99 S.Ct. 2264, 2271-2279, 60 L.Ed.2d 846 (1979).

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that  "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."   512 U.S. at 486-87, 114 S.Ct. at 2372.  If this type of action is brought prior to the invalidation of the challenged conviction or sentence, it must be dismissed as premature.  Id. at 487, 114 S.Ct. at 2372.  Thus, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the

3

conviction or sentence has already been invalidated." Id.

We have held that although Heck dealt with a state prisoner's § 1983 action, the Heck rule applies with equal force in a Bivens action filed by a federal prisoner. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). The Supreme Court has applied the Heck analysis to claims made by prisoners challenging prison disciplinary actions, see Edwards v. Balisok, 520 U.S. 641, 643-649, 117 S.Ct. 1584, 1586-89, 137 L.Ed.2d 906 (1997); however, Heck is not categorically applicable to all suits challenging prison disciplinary actions. Muhammad v. Close, 540 U.S. 749, 754, 124 S.Ct. 1303, 1306 (2004).

In Muhammad, a prisoner filed a § 1983 action against a prison official, alleging that the official had charged him with threatening behavior and subjected him to mandatory prehearing lockup in retaliation for prior lawsuits and grievance proceedings the prisoner had filed against the prison official. Id. at 753-54, 124 S.Ct. 1305. The Sixth Circuit upheld the dismissal of the suit, finding the action barred by Heck. Id. at 753, 124 S.Ct. 1306. The Supreme Court reversed, holding that because the suit did not necessarily affect the computation of "good time" credits, and the magistrate expressly found no good-time credits were affected by the actions challenged in the law suit, "[h]is § 1983 suit challenging this action could not therefore be construed as seeking a judgment at odds with his conviction

4

or with the State's calculation of time to be served in accordance with the underlying sentence." Id. at 754-55, 124 S.Ct. 1306. Therefore, the Supreme Court found that no claim upon which habeas relief could have been granted was raised, "with the consequence that Heck's favorable termination requirement was inapplicable." Id. at 755, 124 S.Ct. 1306.

Because Nelson's complaint did not seek to challenge the validity of his underlying conviction, and did not seek to affect the time he would serve related to that conviction, the district court abused its discretion in dismissing the complaint due to Nelson's failure to show that the disciplinary proceedings had been rendered invalid.

**VACATED AND REMANDED**