[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2006
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 05-14157
Non-Argument Calendar

-----------------------------------------

D.C. Docket  No. 04-03474-CV-TWT-1

CHARLES VINCENT RICE,

Plaintiff-Appellant,

versus

THURBERT BAKER,
in his individual capacity,
JAMES DONALD,
in his individual capacity,
JOHN E. MORSE, JR.,
BARBARA PARKER,
Assistant District Attorney,
GARFIELD HAMMOND, JR., et al.,

Defendants-Appellees.

---------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
---------------------------------------------

**(May 23, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Charles Vincent Rice, a Georgia prisoner, appeals <u>pro se</u> the district court's dismissal of his 42 U.S.C. § 1983 complaint for frivolity, under 28 U.S.C. § 1915A. No reversible error has been shown; we affirm.

In his amended § 1983 complaint and related pleadings, Rice stated that, in 1997, he pled guilty to armed robbery and aggravated assault. He received concurrent 15-year sentences. He claimed that, under the parole guidelines applicable when he was sentenced, he was required to serve only 1/3 of his sentence before becoming eligible for parole. Rice argued, among other things, that Defendants (the Attorney General of Georgia, the members of the Georgia Board of Pardons and Paroles, and others) retroactively applied a Georgia law allegedly requiring Rice to serve all of his sentence, thus resulting in a violation of the <u>ex post facto</u> clause and of Rice's due process rights. Rice requested that the district court (1) force the state trial court to consider a motion for resentencing, (2) compel Defendants to "prepare [his] case for parole," and (3) award him attorney's fees.

Under 28 U.S.C. § 1915A, the district court is to review a prisoner's civil complaint against a government entity to identify cognizable claims or to dismiss

2

the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b). Sections 1915A(b)(1) and 1915(e)(2)(B)(i) both require the district court to review and to dismiss a prisoner's civil complaint if the court determines that the claims are frivolous. Thus, it stands to reason that the standard of review is the same under both provisions. We review for abuse of discretion a district court's decision to dismiss a complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i); so we also will review for abuse of discretion the district court's dismissal of Rice's complaint as frivolous under 28 U.S.C. § 1915A. See Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002), cert. denied, 124 S.Ct. 1038 (2004). An action is considered "frivolous" if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.2001).

Claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983. Nelson v. Campbell, 124 S.Ct. 2117, 2122 (2004). Rice indicated to the district court that he was challenging only the "length" of his confinement. And Rice sought to have the district court force the state trial court to consider a motion for resentencing and to set his case for parole. Reading Rice's complaint liberally,

3

Rice is challenging the propriety and duration of his sentence, as well as the execution of his sentence. Rice's exclusive remedy for these claims was to file a federal habeas corpus petition.[1]

To the extent Rice's complaint challenges the validity of the procedures for establishing parole eligibility, which may be cognizable in a § 1983 proceeding, see Wilkinson v. Dotson, 125 S.Ct. 1242, 1248 (2005), we reject that challenge. Rice's claim of a due process violation is foreclosed by Sultenfuss v. Snow, 35 F.3d 1494, 1502 (11th Cir. 1994), where this Court determined that Georgia's parole procedure does not create a liberty interest protected by the Due Process Clause.

And we discern no ex post facto violation. Rice contends that Defendants retroactively applied O.C.G.A. § 17-10-6.1, which provides that a defendant convicted of aggravated armed robbery, where his sentence is less than life imprisonment, is required to serve his sentence in its entirety without entitlement to parole. See O.C.G.A. § 17-10-6.1(a), (c)(3). But this law became effective on 1

---

[1]The district court did not rely on this ground in dismissing Rice's complaint. But we may affirm the district court's disposition of a case on any adequate ground. See Parks v. City of Warner Robins, 43 F.3d 609, 613 (11th Cir. 1995).

January 1995, before Rice pled guilty in 1997. Rice, thus, has not shown how this law was applied retroactively to increase his sentence.[2]

Given the lack of arguable merit in Rice's claims, we cannot say that the district court abused its discretion in dismissing his § 1983 complaint as frivolous.

AFFIRMED.

---

[2] Rice cites to O.C.G.A. § 42-9-45 to support that he would become eligible for parole after serving 1/3 of his sentence. But the version of § 42-9-45 applicable when Rice pled guilty in 1997 reads "[e]xcept as otherwise provided in Code Sections 17-10-6.1 and 17-10-7, an inmate serving a felony sentence or felony sentences shall only be eligible for consideration for parole after the expiration of nine months of his or her sentence or one-third of the time of the sentences, whichever is greater." O.C.G.A. § 42-9-45 (1997) (emphasis added).