[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10912
Non-Argument Calendar
_____

D. C. Docket No. 05-02846-CV-CAM-1

LEROY ELLIS,

Plaintiff-Appellant,

versus

BUREAU OF PRISONS,
U.S.P. ATLANTA,
Records Department,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 15, 2007)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Leroy Ellis, a federal prisoner proceeding pro se, appeals the district court's dismissal, under 28 U.S.C. § 1915A, of his civil complaint seeking punitive and compensatory damages for illegal confinement against the Federal Bureau of Prisons ("BOP"), United States Penitentiary in Atlanta, Records Department. We AFFIRM.

## I. BACKGROUND

Ellis filed a pro se civil action against the BOP, United States Penitentiary in Atlanta, Records Department, and stated that he was invoking the district court's jurisdiction under 28 U.S.C. § 1331. Ellis alleged that the BOP held him for three years beyond his correct release date. He contends that, while he was in state custody awaiting sentencing on state charges in September 1992, he was taken into federal custody pursuant to a federal indictment. The district judge sentenced Ellis to 137 months of imprisonment on November 18, 1992, and, on November 24, 1992, he received a seven-year sentence for the state charges. Ellis argues that his state sentence was to run concurrently with his federal sentence. He also alleges that he was committed to federal custody until February 17, 1994, when the BOP transferred him to state custody after realizing he had been erroneously designated as a federal prisoner. Ellis argues that, when he completed his state sentence on July 2, 1996, the BOP erroneously determined that his federal sentence began on

2

that date and did not grant him credit for the prior time that he had spent in federal custody. Consequently, he contends that his federal sentence was increased by fifteen months. R1-1 at 6. Ellis alleges that he previously filed two actions raising his claims in federal court but that he was denied relief in both. Ellis sought compensatory damages of $1,000,000 and punitive damages of $1,000,000. In support of his claim, Ellis attached the docket sheet from his federal conviction, which indicates that the execution of his sentence began on January 10, 1993, and the transfer order of February 17, 1994. R1-1, attached exhibits.

The district judge, acting sua sponte, dismissed Ellis's action as frivolous under 28 U.S.C. § 1915A. The judge noted that Ellis's action initially was construed as a habeas petition under 28 U.S.C. § 2241 and ordered that the action be converted into a civil rights action under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), because Ellis invoked the district court's jurisdiction under § 1331 and sought only damages. The district judge then granted Ellis in forma pauperis status and screened his action pursuant to § 1915A. The judge took notice that the Middle District of Pennsylvania, in denying a § 2241 petition brought by Ellis raising the same claim, concluded that any time Ellis had spent in federal custody erroneously was credited to his state sentence and that Ellis was not

3

entitled to have his state and federal sentences run concurrently. R1-3 at 4; see

Ellis v. True, No. 4:CV-97-1511 (M.D. Pa. Dec. 30, 1997), aff'd 164 F.3d 621 (3d

Cir. 1998). The district judge also found that Ellis raised the same claim in at least

two successive § 2241 petitions that were both denied. R1-3 at 4; see Ellis v.

United States, No. 5:02-cv-165 (M.D. Fla. Aug. 12, 2002); Ellis v. Ashcroft, No.

1:04-cv-00015 (N.D. Fla. Sept. 16, 2005). The judge concluded that Ellis's claim

was "'indisputably meritless'" because he failed to show that his sentence was

invalid or called into question and that, in fact, his challenges to his sentence had

been "soundly rejected." R1-3 at 5. Accordingly, the district judge dismissed

Ellis's action as frivolous.

On appeal, Ellis argues that the district judge erred by characterizing his

claim as a Bivens action. He contends that the issue is the BOP's error in its

designation process, not the unconstitutionality of his confinement. Ellis also

argues that the district judge did not properly examine the record before

concluding that his claim was without merit because he provided sufficient support

for his claim. The government did not respond.

## II. DISCUSSION

Under § 1915A, a district judge must review a prisoner's civil complaint

against a governmental entity or an officer or employee of a governmental entity to

identify cognizable claims or to dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). Similarly, a district judge must dismiss an appeal taken in forma pauperis if, at any time, the judge determines that the action is "frivolous," "malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Because we review a district judge's decision to dismiss a complaint as frivolous under § 1915(e)(2)(B)(i) for an abuse of discretion, Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002), we will review a district judge's dismissal of a complaint as frivolous under § 1915A for an abuse of discretion. See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (stating that "[a] determination of frivolity is best left to the district court"); Rice v. Baker, 181 Fed. Appx. 902, 903 (11th Cir. 2006) (per curiam) (reviewing the district judge's dismissal of a complaint as frivolous under § 1915A for an abuse of discretion). An action is frivolous if it is "without arguable merit either in law or fact." Bilal, 251 F.3d at 1349.

Bivens established the availability of a cause of action for monetary damages against federal officials in their individual capacities based on a violation of a federal constitutional right. 403 U.S. at 395-97, 91 S.Ct. at 2004-05. Bivens involved alleged violations of the Fourth Amendment, but the Supreme Court has

extended <u>Bivens</u> to actions alleging violations of the Due Process Clause of the Fifth Amendment. <u>Davis v. Passman</u>, 442 U.S. 228, 242-44, 99 S.Ct. 2264, 2275-76 (1979). <u>Bivens</u> actions may not be asserted against federal agencies. <u>Fed. Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 486, 114 S.Ct. 996, 1005-06 (1994).

The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

<u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Thus, if entering judgment in favor of the prisoner "would necessarily imply the invalidity of [the prisoner's] conviction or sentence[,]" a district judge must dismiss the complaint unless the prisoner demonstrates that the conviction or sentence has already been invalidated. <u>Id.</u> at 487, 114 S.Ct. at 2372. We have held that <u>Heck</u> applies with equal force in a <u>Bivens</u> action filed by a federal prisoner. <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam).

As an initial matter, the district court properly considered Ellis's claim under <u>Bivens</u>. In his complaint, Ellis sought monetary damages from individuals in the Records Department of the Bureau of Prisons's federal penitentiary in Atlanta for

6

committing an error that resulted in illegal confinement in violation of his due process rights. The district judge correctly found that Bivens is the appropriate cause of action for such a claim. See Davis, 442 U.S. at 242-44, 99 S.Ct. at 2275-76. To the extent that Ellis argues he sought monetary damages against the BOP itself, a federal agency, such a claim is not cognizable under Bivens, see Meyer, 510 U.S. at 486, 114 S.Ct. at 1005-06, and Ellis did not meet the requirements of raising a claim for monetary damages against the federal government under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2675(a).[1]

The district judge did not abuse his discretion by concluding that Ellis's Bivens claim was without arguable merit. Ellis claims that he has remained in federal custody beyond his release date because his federal sentence should have run concurrently with a state sentence that he also received and because the BOP failed to credit his federal sentence with time he spent in a federal prison during which he should have been in a state prison. A ruling in favor of Ellis, concluding that individuals in the BOP were liable for illegally confining him, would necessarily imply that his federal sentence was invalid on the grounds that it should

---

[1] To the extent that Ellis attempts to bring a claim for monetary damages against the BOP for the actions of its employees, such a claim should be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq. For a district court to have jurisdiction over an FTCA action, a plaintiff must first show that he presented his claim to the agency and that the agency denied it in writing. 28 U.S.C. § 2675(a); Burchfield v. United States, 168 F.3d 1252, 1254-55 (11th Cir. 1999). Because Ellis presented no evidence that he met this requirement, the district court did not have jurisdiction over any claim for monetary damages against the BOP as an agency.

7

have run concurrently with his state sentence or because he did not receive proper credit for time previously served. Therefore, to succeed on his <u>Bivens</u> claim, Ellis must first prove that his sentence has been invalidated or at least "called into question." <u>Heck</u>, 512 U.S. at 487, 114 S.Ct. at 2372.

Ellis has not made such a showing; instead, he admits that his previous challenges to his sentence have failed. Ellis raised the same arguments regarding his sentence to various district courts through 28 U.S.C. § 2241 habeas petitions, and each district court rejected his arguments. <u>Ellis v. True</u>, No. 4:CV-97-1511 (M.D. Pa. Dec. 30, 1997); <u>Ellis v. United States</u>, No. 5:02-cv-165 (M.D. Fla. Aug. 12, 2002); <u>Ellis v. Ashcroft</u>, No. 1:04-cv-00015 (N.D. Fla. Sept. 16, 2005). One district judge specifically found that Ellis was not entitled to have his sentences run concurrently or to receive credit on his federal sentence for the time he served in federal prison because the time was credited to his state sentence. <u>Ellis</u>, No. 4:CV-97-1511, at 7. In view of these prior rulings and the absence of any evidence that his sentence has been invalidated or called into question, Ellis cannot meet the requirements of <u>Heck</u>. Therefore, the district judge did not abuse his discretion by concluding that Ellis's claim was frivolous.

## III. CONCLUSION

Ellis argues on appeal that the district judge erroneously treated his complaint as a <u>Bivens</u> action and, consequently, concluded that his claim had no merit. As we have explained, the judge correctly analyzed Ellis's allegations. Accordingly, the district judge's dismissal of Ellis's complaint is

**AFFIRMED.**