[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 27, 2008
THOMAS K. KAHN
CLERK

No. 07-13101
Non-Argument Calendar

_____

D. C. Docket No. 07-01149-CV-RWS-1

ARLANDA ARNAY SMITH,

Plaintiff-Appellant,

versus

M.L. MERCER,
DEKALB COUNTY POLICE DEPARTMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 27, 2008)**

Before ANDERSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Arlanda Arnay Smith appeals the dismissal of his civil suit against a Dekalb County Police Officer and the Dekalb County Police Department. Smith argues the district court erred in dismissing his suit under the doctrine of res judicata. For the reasons stated below, we agree and reverse.

## I. Background

Smith, a DeKalb County Georgia jail inmate, filed suit under 42 U.S.C. § 1983 against M.L. Mercer, a Dekalb County police officer, and the Dekalb County Police Department. Smith claimed Mercer's actions relating to the issuance of the arrest warrant, Smith's arrest, and the failure to provide him with a timely probable cause hearing violated his constitutional rights under the 4th, 6th, 8th, and 14th Amendments. The court dismissed his suit as frivolous under 28 U.S.C. §1915A because barred by res judicata owing to a the dismissal of Smith's previous similar complaint.

Smith appealed on the grounds that res judicata does not bar his suit since the prior action was dismissed without prejudice. In granting Plaintiff's motion to appeal *in forma pauperis*, the district court acknowledged that its previous dismissal on res judicata grounds was in error. The court expressed its willingness to revisit its prior decision, but noted that Plaintiff's filing of a notice of appeal deprived it of jurisdiction to do so.

2

## II. Standard of Review

This court reviews dismissal of a complaint as frivolous pursuant to 28 U.S.C. § 1915A for abuse of discretion. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). The application of res judicata is a question of law reviewed de novo. Norfolk Southern Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1288 (11th Cir. 2004).

## III. Discussion

Pursuant to 28 U.S.C. § 1915A, federal courts conduct an initial screening of complaints filed by prisoners to determine whether the claim is, *inter alia*, "frivolous or malicious." The district court dismissed the instant case as frivolous because it was barred by res judicata. Plaintiff had filed a previous suit on the same or similar issues, and that case had been dismissed. The earlier case, however, was dismissed without prejudice on the basis of Younger abstention during the pendency of criminal proceedings against Plaintiff.

The doctrine of res judicata bars a subsequent action if the following four elements are present: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003).

A dismissal without prejudice does not constitute a "final judgment on the merits" and thus has no res judicata effect. Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003). A dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint. See Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 32 n.4 (1st Cir. 2004). As Plaintiff's claims were dismissed without prejudice pursuant to Younger, they are not barred by res judicata, and the dismissal on that basis was improper.

## IV. Conclusion

For the foregoing reasons, the dismissal of Smith's complaint is **VACATED**, and the action is **REMANDED** to the district court for further proceedings consistent with this opinion.

4