[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12702
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00899-ODE


AL-RUFUS ANDERSON,

                                                    Plaintiff-Appellant,

versus


FULTON COUNTY GOVERNMENT,
a Municipality, Georgia,
KIM WARDEN,
Magistrate, Fulton County, Georgia, in both her
individual and official capacities,
et al.,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 31, 2012)

Before TJOFLAT, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Al-Rufus Anderson, proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous under 28 U.S.C. § 1915(e)(2).  Anderson's complaint arises out of an arrest warrant application signed by Jacquelyn Byrd alleging child abandonment against Anderson and the subsequent warrant application hearing held in the magistrate court.  On appeal, Anderson alleges due process violations, malicious prosecution, denial of his right to appeal, false arrest, false imprisonment, excessive bond, failure to train, and intentional infliction of emotional distress against Fulton County, Magistrate Kim Warden, and Assistant Solicitor Monica Benning.  Anderson also seems to argue that denial of his application to proceed in forma pauperis on appeal was improper.

The Prison Litigation Reform Act provides that any in forma pauperis action or appeal shall be dismissed at any time if it is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i).  We review determinations of frivolity for abuse of discretion.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  A claim is frivolous if it is without arguable merit either in law or fact.  Id.

2

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." Id.

Anderson's claims against Warden all stem from conduct that occurred while she was acting within her judicial capacity. See id. A Georgia magistrate has authority to conduct an arrest warrant hearing for a claim of child abandonment, including a determination that there is probable cause to arrest the accused.[1] A magistrate also has ample authority to set bond at $1000 for a

---

[1]     See Ga. Unif. Mag. Ct. R. 3(b)(1) ("If [a citizen] desire[s] to request an arrest warrant for abandonment of child or similar crime, please see the process set forth under the criminal section of th[ese rules]."); O.C.G.A. § 17-4-40(b)(1) ("If application is made for a warrant by a person other than a peace officer or law enforcement officer and the application alleges the commission of an offense against the penal laws, the judge or other officer shall schedule a warrant application hearing . . . .").

3

misdemeanor.[2]  The district court properly dismissed the complaint as frivolous as it relates to Warden.

Anderson's complaint does not describe any specific allegations against Benning, and thus the district court was proper to dismiss the complaint as frivolous as it relates to Benning.

The district court also properly dismissed Anderson's claim against Fulton County for failure to train.  "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983.  A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."  Connick v. Thompson, ___ U.S. ___, ___, 131 S. Ct. 1350, 1359 (2011).  "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."  McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

---

[2]    See  Ga. Unif. Mag. Ct. R. 23.1 ("Bail in misdemeanor cases shall be set as provided in OCGA §§  17-6-1 and 17-6-2."); O.C.G.A. § 17-6-2(a)(1) (permitting "the sheriff of the county wherein the [misdemeanor] violation occurred . . . to accept [the charged] individual's driver's license as collateral for any bail which has been set in the case, up to and including the amount of $1,000.00"); Spence v. State, 313 S.E.2d 475, 478 (Ga. 1984) (holding that bail amount is within the "sound discretion" of the judge who imposes it).

4

Anderson cannot meet the strong showing required to properly allege a failure-to-train claim.  See Connick, 131 S. Ct. at 1360.  He has not shown that his constitutional rights were violated by Warden, nor has he shown that Fulton County itself had a policy or custom that constituted deliberate indifference.  See id. (noting that a plaintiff "cannot rely upon the theory of respondeat superior to hold the [municipality] liable").

**AFFIRMED.**[3]

---

[3]    Anderson's requests to proceed in forma pauperis and for the appointment of counsel are DENIED.