[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15058
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02357-CAP


ROBERT HEARD,

Plaintiff-Appellant,

versus

COMMISSIONER, GA DOC,
JOSE MORALES,
KEITH MORRIS,
TIMOTHY JONES,
SHEVONDAH FIELDS,
RICKY MYRICKS,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____
(August 10, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Heard, a Georgia prisoner, appeals pro se the dismissal of his complaint for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), and for improper venue.  Heard filed his complaint against Brian Owens, Commissioner of the Georgia Department of Corrections; the Georgia Parole Board; and several employees of Johnson State Prison.  The district court ruled that Heard's complaint against Owens and the Parole Board failed to state a claim and that venue was improper as to the remaining defendants.  Heard argues that Commissioner Owens and an employee of the Parole Board, Walt Davis, failed to prevent his injury by employees of the prison and were deliberately indifferent to his medical needs.  42 U.S.C. § 1983.  We affirm.

We review a dismissal for failure to state a claim de novo.  Farese v. Scherer, 342 F.3d 1223, 1230 (11th Cir. 2003).  To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007).  The facts alleged in a complaint must state a claim for relief that is plausible on its face to avoid

2

dismissal for failure to state a claim.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79, 129

S. Ct. 1937, 1949–50 (2009).  And section 1915 affords a district court the

authority to "pierce the veil of the complaint's factual allegations and dismiss

those claims whose factual contentions are clearly baseless."  Bilal v. Driver, 251

F.3d 1346, 1349 (11th Cir. 2001) (internal quotation marks omitted).  Pro se

pleadings are held to a less stringent standard and are liberally construed.

Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  But "issues

not briefed on appeal by a pro se litigant are deemed abandoned."  Timson v.

Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

"In order to prevail on a civil rights action under § 1983, a plaintiff must

show that he or she was deprived of a federal right by a person acting under color

of state law."  Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

State officials "may not be held liable for the unconstitutional conduct of their

subordinates under a theory of respondeat superior," and to state a claim, "a

plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution."  Iqbal, 556 U.S.

at 676, 129 S. Ct. at 1948.  A supervisory official may be liable under section 1983

when the supervisor participates in the constitutional violation or there is a causal

connection between the actions of the supervisor and the violation.  Cottone v.

3

Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). "The standard by which a supervisor is held liable for a subordinate's actions is extremely rigorous." Id. (internal quotation marks omitted).

As an initial matter, Heard abandoned any claim against the Georgia Parole Board or the employees of the Johnson State Prison by not addressing in his initial brief the rulings by the district court about these defendants. We will not review those rulings.

The district court committed no error in dismissing Heard's complaint against Owens and Davis for failure to state a claim upon which relief can be granted. As the district court ruled, Owens cannot be held vicariously liable, under section 1983, for the conduct of his subordinates. And Heard failed to allege plausible facts to support a causal connection between any actions of Owens or Davis and Heard's alleged constitutional injuries. We affirm the dismissal of Heard's complaint.

**AFFIRMED.**