[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14165
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cv-62009-UU

ERIC WATKINS,

Plaintiff-Appellant,

versus

BRIAN MILLER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 19, 2019)

Before TJOFLAT, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding pro se, appeals from the district court's order denying his motion to proceed in forma pauperis ("IFP") and dismissing his 42 U.S.C. § 1983 complaint without prejudice as frivolous.

In August 2018, Watkins filed a § 1983 complaint against Brian Miller, an officer employed by the Sheriff's Office of Broward County, Florida, in his individual capacity, for alleged violations of Watkins's Fourth and Fourteenth Amendment rights. Watkins alleged that Miller unreasonably seized him and denied him of liberty without due process when Miller gave him an unauthorized trespass warning on private property. Watkins's complaint was accompanied by a motion for leave to proceed IFP, pursuant to 28 U.S.C. § 1915.

In his § 1983 complaint, Watkins alleged that, on August 30, 2014, he was in a shopping center parking lot when Miller approached him and said that he had received an anonymous call from someone who did not want Watkins on the property. Miller told Watkins that he was trespassing and instructed him to leave the property and not return. Watkins asked Miller if the owners of the property had said he was trespassing, and Miller responded that he did not know who had called.

In response to Miller's instruction, Watkins refused to leave the property, arguing that Miller did not have the authority or authorization to order Watkins to leave the property. Specifically, Watkins claimed that Miller lacked the authority

2

to make such an order under Florida law because there were no "no trespassing" signs, and Miller was not the property owner or a person authorized by the owner. Another officer arrived and repeated to Watkins that he was trespassing. Watkins asked the officers to verify that there was no record on file with the Sheriff's Office that he previously had been asked to leave or that the property owner had authorized the Sheriff's Office to order patrons to leave. Miller checked the records as Watkins requested and indicated that the results came back negative.

Miller then threatened to arrest Watkins for trespass if he did not leave. Miller stated that the anonymous call was sufficient and that he did not need the authority Watkins claimed he needed. Watkins left the property to avoid being arrested.

The district court denied Watkins's motion to proceed IFP and sua sponte dismissed his complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The district court determined that Watkins's complaint lacked legal merit, as the facts alleged could not support plausible Fourth or Fourteenth Amendment violations. Specifically, the district court found that there was no constitutional violation because Watkins did not allege that he was told that he was not free to leave or that he was wrongfully forced to stay on the property while Miller processed a formal trespass warning.

Watkins appealed the district court's denial of his motion to proceed IFP and the dismissal of his complaint.[1]

On appeal, Watkins argues that the district court erred because it misinterpreted his complaint's allegations, rejected his Fourteenth Amendment claim without discussion, and denied his Fourth Amendment claim. Watkins asserts that he was unreasonably seized and denied due process when Miller issued him an unauthorized trespass warning on private property open to the public, threatened to arrest him, and forced him to leave the property. After review, we affirm.

We review a district court's determination that an IFP complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). Under this standard, a district court abuses its discretion if its ruling is manifestly erroneous or constitutes a clear error of judgment. Rosenberg v. DVI Receivables XIV, LLC, 818 F.3d 1283, 1292 (11th Cir. 2016).

---

[1]In the district court, Watkins filed a motion for reconsideration of the district court's denial of his motion to proceed IFP and dismissal of his complaint. The district court denied his motion for reconsideration. Although Watkins identifies the district court's denial of his motion for reconsideration in his notice of appeal before this Court, Watkins does not provide any argument regarding the district court's denial of his motion for reconsideration in his brief on appeal. Therefore, we discuss only the district court's order denying Watkins's motion to proceed IFP and dismissing his complaint. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (explaining that legal claims or arguments that have not been briefed before this Court will not be addressed).

Subsection 1915(e)(2)(B)(i) of Title 28 provides that a court shall dismiss at any time an IFP proceeding that the court determines to be frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  A claim is frivolous if it lacks arguable merit either in law or fact.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

Section 1983 holds any person acting under color of state law liable for depriving another of a constitutional right.  42 U.S.C. § 1983.  The Fourteenth Amendment provides that no state may deprive any person of life, liberty, or property, without due process of law.  U.S. Const. amend. XIV.  The Due Process Clause requires that an individual be given appropriate notice and an opportunity to be heard before such a deprivation.  See Catron v. City of St. Petersburg, 658 F.3d 1260, 1266 (11th Cir. 2011).  For a procedural due process claim under § 1983, a plaintiff must prove that there has been (1) a deprivation of a constitutionally protected liberty or property interest, (2) state action, and (3) constitutionally inadequate process.  Id.  Regarding liberty interests, "[p]laintiffs have a constitutionally protected liberty interest to be in parks or on other city lands of their choosing that are open to the public generally."  Id.

The Fourth Amendment guarantees the right of persons to be free from unreasonable seizures.  U.S. Const. amend. IV.  A Fourth Amendment seizure occurs when an officer, through physical force or show of authority, terminates or restrains a person's freedom of movement.  Chandler v. Sec'y of Fla. Dep't of

5

Transp., 695 F.3d 1194, 1199 (11th Cir. 2012).  However, given all of the particular circumstances, if a reasonable person would have believed that he was free to leave, there is no seizure under the Fourth Amendment.  See id.

Under Florida law, "[a] person who, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance[] [a]s to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation" commits a trespass on property other than a structure or conveyance.  Fla. Stat. § 810.09(1)(a)(1).  This subsection does not specify that notice must be given by an owner of the property or an authorized person.  See id.; R.C.W. v. State, 507 So. 2d 700, 702 (Fla. Dist. Ct. App. 1987) ("The state is not required to prove that appellant defied an order to leave communicated by the owner or authorized person in order to establish a violation of section 810.09.").

In contrast, a trespass in a structure or conveyance under Florida law occurs when a person, "without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so." Fla. Stat. § 810.08(1).  In short, Fla. Stat. § 810.08(1) prohibits trespassing inside structures or conveyances when an owner or authorized person gives notice to the person to leave.  See id.

6

The district court did not abuse its discretion in denying Watkins's motion to proceed IFP and dismissing, sua sponte, his complaint. Despite Watkins's argument that the district court did not explain its denial of his Fourteenth Amendment claim, the district court found, and we also conclude, that Watkins's Fourteenth Amendment claim lacked arguable merit either in law or fact and was therefore frivolous. See Bilal, 251 F.3d at 1349.

Watkins did not identify in his complaint any actual deprivation of a constitutionally protected liberty interest or any constitutionally inadequate process that occurred. To the extent Watkins asserts a liberty interest in remaining in the shopping center's parking lot, Watkins did not have a constitutionally protected liberty interest in remaining on that private property. In contrast to public property, Watkins did not have a liberty interest in remaining in a private parking lot, and the officers explained to him that he was trespassing and gave him an opportunity to leave. See Fla. Stat. § 810.09(1)(a)(1); Catron, 658 F.3d at 1266.

Further, Watkins's argument that Miller lacked the authority or authorization to issue him a trespass warning under Florida trespass law and, therefore, provided him with inadequate process in violation of the Fourteenth Amendment is unfounded. Watkins's encounter with Miller occurred in a parking lot on private property, which is property other than a structure or conveyance covered under Fla. Stat. § 810.09(1)(a)(1). See R.C.W., 507 So. 2d at 702 (explaining that a parking

7

lot of a mall is property other than a structure or conveyance).  Unlike Fla. Stat. § 810.08(1), a trespass warning by an owner or authorized person is not required under § 810.09(1)(a)(1).  See Fla. Stat. §§ 810.08(1), 810.09(1)(a)(1).  As Watkins was in a parking lot, and not inside a structure or conveyance, Miller provided the requisite notice that Watkins was prohibited from remaining on that property and instructed that he leave.  See id. § 810.09(1)(a)(1).

Turning now to Watkins's Fourth Amendment claim, that claim also lacked arguable merit either in law or fact and was therefore frivolous.  See Bilal, 251 F.3d at 1349.  Under the particular circumstances here, a reasonable person would have believed that he was free to leave and, therefore, no seizure occurred in violation of the Fourth Amendment.  See Chandler, 695 F.3d at 1199.

Despite Watkins's assertion that his interaction with Miller was not voluntary and that he was forced to leave against his will, Watkins's interaction with Miller was a consensual encounter.  See Rodriguez v. State, 29 So. 3d 310, 311 (Fla. Dist. Ct. App. 2009) (concluding that "a stop merely to issue a trespass warning is not a Terry[2] stop, but rather a consensual encounter").  At no point did Miller ever physically restrain Watkins or indicate that he was not free to leave.  Indeed, after Watkins received the trespass warning from Miller, it was Watkins who remained in the parking lot to argue about Miller's authority to enforce

---

[2]Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868 (1968).

8

Florida's trespass laws. At all times Watkins was free to leave and Miller strongly encouraged Watkins to do so.

Thus, the district court did not abuse its discretion in denying Watkins's motion to proceed IFP and dismissing his complaint without prejudice as frivolous.

**AFFIRMED.**

9