999 F.2d 353
 Loren William JASPER, Appellant,
v.
John A. THALACKER, Warden; Charles Lee, Deputy Director for
Institutions; SCO Beaugard; CSII Klies; CO
Schmidt; CO Titus; CO Huston; and All
Officers at the Reformatory, Appellees.
 No. 92-2778.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 14, 1993.
Decided July 19, 1993.
 
 Philip B. Mears, Iowa City, IA, argued, for appellant.
 Susie Berregaard Thomas, Asst. Atty. Gen., Des Moines, IA, argued, for appellees.
 Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and FAGG, Circuit Judges.
 RICHARD S. ARNOLD, Chief Judge.
 
 
 1
 Loren Jasper, an Iowa inmate, appeals from a judgment entered in the District Court[1] in favor of prison officials in this 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 While in the examining room of the solitary confinement unit of the prison, a guard told Jasper to put his clothes on a chair. Jasper told the guard to quit staring at him or he would "knock" the guard's "teeth down his throat." After Jasper clenched his fists and lunged toward the guard, three guards grabbed Jasper, and a fourth guard applied a stun gun to Jasper for a few seconds until he was subdued.
 
 
 3
 Jasper filed this action, alleging that the use of the stun gun violated the Eighth Amendment. After a hearing, a magistrate judge recommended finding that Jasper had threatened the guard, and that force was required to subdue Jasper, but concluded that the use of the stun gun violated the Eighth Amendment because the guards could have subdued Jasper without the gun.
 
 
 4
 The District Court accepted the magistrate judge's findings of fact. The Court, however, held that the facts did not amount to an Eighth Amendment violation because Jasper failed to prove that the guards had used the stun gun sadistically or maliciously.
 
 
 5
 We agree with the District Court. In Hudson v. McMillian, --- U.S. ----, ----, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992), the Supreme Court held that "whenever prison officials stand accused of using excessive physical force in violation of the ... [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." And in Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986), the Court explained that "[t]he infliction of pain in the course of a prison security measure ... does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." In circumstances similar to this case, other courts have held that the use of a stun gun did not violate the Eighth Amendment. Caldwell v. Moore, 968 F.2d 595, 602 (6th Cir.1992); Michenfelder v. Sumner, 860 F.2d 328, 335-36 (9th Cir.1988).
 
 
 6
 Affirmed.
 
 
 
 [1]
 The Hon. Edward J. McManus, Senior United States District Judge for the Northern District of Iowa