[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2001
THOMAS K. KAHN
CLERK

----------------------------------------
No. 98-3101
----------------------------------------

D. C. Docket No. 95-30474-3-CV-RV

JAMAAL ALI BILAL,
a.k.a. John L. Burton,

Plaintiff-Appellant,

versus

SCOTT DRIVER,

Defendant-Appellee.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
-------------------------------------------------------------------

**(May 23, 2001)**

Before EDMONDSON, CARNES and MARCUS, Circuit Judges.

EDMONDSON, Circuit Judge:

Jamaal Ali Bilal, a pro se prisoner, filed suit, under 42 U.S.C. § 1983, against prison officials. The district court, after providing Plaintiff with detailed instructions, invited Plaintiff to file amended complaints. The district court later denied leave to file a third amended complaint and dismissed the case as frivolous. We affirm the dismissal.

In the third amended complaint,[1] Plaintiff alleged that Scott Driver, a corrections officer at Escambia County Jail, violated Plaintiff's federal constitutional rights under the Eighth, Thirteenth, and Fourteenth Amendments.[2] Plaintiff claims that he was mistreated by Driver because Plaintiff allegedly humiliated him at a chance encounter at a local hospital before Plaintiff was

---

[1]We note that our review is limited to Plaintiffs' third amended complaint. N.D. Fla. Loc. R. 15.1 ("Matters not set forth in the amended pleading are deemed to have been abandoned."). That Plaintiff filed his complaint pro se does not change the effect of the local rule. The district court provided Plaintiff with detailed instructions about how to amend his complaint to state a claim.

Also, at oral argument, we questioned whether Plaintiff was appealing the denial of the second amended complaint or the denial of leave to file the third amended complaint. Because the denial of leave to amend the third amended complaint resulted in dismissal with prejudice and because Plaintiff's notice of appeal is timely only for the order denying leave to amend, we conclude that the order currently on review is the 31 July 1998 order denying leave to amend, entering judgment against plaintiff, and dismissing the complaint as frivolous.

[2]In his earlier complaints, Plaintiff had also alleged violations of the First, Fourth, Sixth, and Ninth Amendments, based on allegations that, among other things, Defendant deprived him of outdoor exercise rights by shadowing him on the exercise yard and that he violated Plaintiff's religious rights by mocking his name. These claims were also dismissed as frivolous, and Plaintiff seeks no review of these claims.

2

detained at the prison. Once incarcerated, Plaintiff alleges that Driver forced

Plaintiff to wear a bomb belt[3] "approximately [] 1000 times" during all court

transports and in-house transports from June 1995 to February 1997. Plaintiff

alleges that Driver "willfully and maliciously intended to intimidate plaintiff with

discharge of the bomb belt . . . in retaliation for the 'fright' [Plaintiff] instilled in

[Driver] at [the] hospital encounter." Plaintiff also claims that Driver refused to

remove the bomb belt even when Plaintiff was alone in a holding cell or when he

needed to use the restroom.

## I.

We must first determine the proper standard of review. The district court

order dismissed Plaintiff's claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), which

requires the district court to "dismiss the case at any time if the court determines

that the action . . . is frivolous."[4]

---

[3]A bomb belt is an electric shocking device.

[4]The parties dispute whether the district judge dismissed Plaintiff's complaint as frivolous or for failure to state a claim. The magistrate judge's report and recommendation ("R&R"), which the district judge adopted in its entirety, states that Plaintiff's allegations "state no viable claim." But the R&R also recommends that the docket reflect that the action was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), which pertains to frivolous filings. The district court did order that the docket sheet reflect dismissal under 28 U.S.C. §1915(e)(2)(B)(i); and the docket sheet does so reflect. Also, the district court judgment states that the "action be dismissed as frivolous."

3

Before the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(d) allowed the district court to dismiss a complaint "if satisfied that the action is frivolous or malicious." Dismissal under section 1915d was reviewed for abuse of discretion. Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992). The PLRA made three pertinent changes to section 1915. First, dismissal is now mandatory. Second, the word "satisfied" has been replaced with "determined." Third, the complaint now may also be dismissed under section 1915 for failure to state a claim. 28 U.S.C. §1915(e)(2)(B)(ii). We have already held that dismissal for failure to state a claim under section 1915(e)(2)(B)(ii) is reviewed de novo.[5] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

But we do not understand these statutory changes to alter the abuse of discretion standard of review for cases dismissed as frivolous under section 1915(e). The Supreme Court explained the difference between a Rule 12(b)(6) dismissal and the pre-PLRA section 1915: section 1915, unlike Rule 12(b)(6), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

---

So, we conclude that Plaintiff's complaint was dismissed as frivolous. See Neitzke v. Williams, 109 S. Ct. 1827 (1989) (explaining difference between frivolity and failure to state a claim).

[5]We note that dismissal for failure to state a claim appears in (ii) of section 1915(e)(2)(B), while dismissal for frivolity appears in (i) of the same statute.

4

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 109 S. Ct. 1827, 1833 (1989).

This unique dismissal authority of the district court, although now mandatory, has not changed. As the Court explained, frivolous claims include claims "describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. And because district judges remain more familiar with and are more experienced to recognize potentially frivolous claims, we see no reason to alter the standard of review for frivolous claims. A determination of frivolity is best left to the district court, and we will review such determinations only for abuse of discretion. See McWilliams v. State of Colorado, 121 F.3d 573, 574 (10th Cir. 1997) (applying abuse of discretion standard to review § 1915(e) frivolity dismissal); Norton v. DiMazana, 122 F.3d 286, 291 (5th Cir. 1997) (same). But see McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) (applying de novo standard to review §1915(e)(2) claims based on changes to statute by PLRA).

II.

A claim is frivolous if it is without arguable merit either in law or fact. Battle

v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990); see also Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) ("A case is frivolous for section 1915(d) [now section 1915(e)(2)(B)(i)] when it appears the plaintiff 'has little or no chance of success.'") (internal citations omitted).

Other circuits have recognized that the activation of a stun gun may violate the Eighth Amendment if used sadistically or maliciously. See, e.g., Hickey v. Reeder, 12 F.3d 754, 759 (8th Cir. 1994); Jasper v. Thalacker, 999 F.2d 353, 354 (8th Cir. 1993); Caldwell v. Moore, 968 F.2d 595, 601 (6th Cir. 1992). Here, Plaintiff's third amended complaint did not allege that Defendant actually activated the bomb belt while on Plaintiff's person. The district court seemed to find the omission of this fact important, if not dispositive.

Plaintiff points to Parker v. Asher, 701 F. Supp. 192, 195 (D. Nev. 1988), where a district court denied a Rule 12(b)(6) motion to dismiss an inmate's excessive force claim against an officer who allegedly threatened to shoot the inmate with a taser gun. The district court limited its holding to situations where the threatened use of the taser gun was for the "malicious purpose of inflicting gratuitous fear." Id. But see Michenfelder v. Sumner, 860 F.2d 328 (9th Cir. 1988) (no unconstitutional use of taser gun where plaintiff only complained of its threatened use). So, maybe Plaintiff's legal theory -- an excessive force claim for

6

immediate, malicious threat of electrical shock -- would not be indisputably meritless. But we need not decide this issue today.

Plaintiff repeatedly alleged new and different facts in each amended complaint. Plaintiff alleged, not very specifically, that Defendant forced Plaintiff to wear the bomb belt 1000 times in 19 months (that is nearly twice a day) because Plaintiff allegedly humiliated Defendant at a chance encounter at a local hospital. While Plaintiff previously complained that Driver activated the bomb belt against him, he omits this fact in his third amended complaint and specifically stresses in his objections to the R&R that activation of a shocking device is not required to state a claim. In his objections to the R&R, Defendant complained that the bomb belt "contained '50,000 volts' of electrical shock -- more than 'Sparky' the electric chair."

In response to previous amended complaints, each of which described a different story, the district court wrote that "the allegations appear so magnified and fantastic that the seriousness of plaintiff's alleged injuries should be discounted and his credibility called into question." The district court also had noted in another order that Plaintiff previously had filed forty-three other civil rights cases, twenty-eight of which had been dismissed as frivolous or malicious. On the question of frivolousness, a litigant's history of bringing unmeritorious

7

litigation can be considered. See Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 641 (11th Cir. 1990) (discussing generally some grounds for frivolousness); Harris v. Menedez, 817 F.2d 737, 741 (11th Cir. 1987). The district court was all too familiar with Plaintiff's repetitive and trifling litigation tactics, which were again apparent in this case.

Given the district court's obvious and reasonable doubt of Plaintiff's factual allegations coupled with the minimal likelihood that Plaintiff stated a claim at all, we cannot say that the district court abused its discretion in dismissing Plaintiff's complaint as frivolous. [6]

AFFIRMED.

---

[6]In a catch-all section of his brief, Plaintiff also makes the following arguments: 1) that the district court erred in dismissing the conspiracy claim, 42 U.S.C. § 1985; 2) that the district court erred in dismissing the claims against the Columbia County defendants; and 3) that the dismissal of Plaintiff's claims as frivolous violated Plaintiff's rights of due process and of access to the courts. We conclude that these claims are meritless.