[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11215
Non-Argument Calendar

_____

D. C. Docket No. 04-22179-CV-FAM

OZA B. JENKINS,

Plaintiff-Appellant,

versus

RONALD C. DRESNICK,
11TH JUDICIAL CIRCUIT COURT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 23, 2005)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Oza Jenkins appeals pro se the dismissal of her section 1983 complaint,

which was dismissed as frivolous under 28 U.S.C. section 1915. We affirm.

Jenkins is a frequent pro se litigant in the state and federal trial courts of Florida. This appeal concerns three of her cases: the case that is the basis of this appeal and two cases Jenkins brought in state court. In the first state case, Jenkins sued two cell phone companies on theories of products liability and personal injury. That case was removed to federal court and later remanded to Judge Dresnick in state court. During the intervening time between when the first case was removed and remanded, Jenkins had a verbal altercation with Judge Dresnick during the proceedings of her second state case. After that altercation, she moved to recuse Dresnick in the second state case, and her motion was granted. She contended in her motion to recuse that Dresnick was abusive toward her because of her race and disability. She has also stated that Dresnick caused her to overdose on prescription medications because of his outburst. Jenkins's complaint in the second state case was later dismissed.

Jenkins filed a motion to recuse Dresnick in the first state case after he recused himself in the second state case. Her motion was denied, and her complaint was dismissed. Jenkins then sued Dresnick and the Eleventh Judicial Circuit Court of Florida in federal court. Jenkins alleged that Dresnick violated her due process rights and the Americans with Disabilities Act when he did not recuse in the first state case. Jenkins seeks a $60 billion damages award and injunctive

relief.

A district court shall dismiss a complaint filed in forma pauperis if the complaint is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). "A claim is frivolous if it is without arguable merit either in law of fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). The district court dismissed Jenkins's complaint, under section 1915(e)(2)(B)(i), for the following two reasons: (1) Jenkins did not allege any facts to support a claim against the state court and (2) Dresnick was entitled to absolute judicial immunity because the claims against him were based on his denial of a motion to recuse. Our review is for abuse of discretion, Bilal, 251 F.3d at 1349, and we conclude that the district court did not abuse its discretion.

**AFFIRMED.**