[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13952
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 4, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-01071-CV-T-26-TGW

ERIC DUANE TURNER,

Plaintiff-Appellant,

versus

SECRETARY, DOC,
WESFORD HEALTH SERVICES, INC.,
CHO ROBERT BRIGGS,
NP G. OQUNSOLA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 4, 2005)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Eric D. Turner appeals the dismissal of his civil rights complaint as frivolous. Turner argues the district court abused its discretion by dismissing his complaint that prison officials were deliberately indifferent to his serious medical needs, but Turner's complaint reveals that he had received medical treatment from prison officials. We affirm.

While incarcerated in Florida prisons, Turner sought medical treatment for his alleged "severe migraines, abdominal pain, burning sensation and rash on the tip of his penis, [and] pain throughout his eyes, neck, shoulders, and back." Turner was seen by at least two different doctors, and several blood and urine tests were conducted. The tests results were negative for infectious disease, and the doctors prescribed Tylenol for the pain. Although no infection was found, one doctor prescribed Bactrim, an antibiotic. The doctors also referred Turner to a psychologist for an evaluation.

On June 8, 2005, Turner filed pro se a complaint that alleged the doctors and prison officials acted with deliberate indifference in the diagnosis and treatment of his condition in violation of his Eighth and Fourteenth Amendment right against cruel and unusual punishment. Turner moved to file in forma pauperis. The district court denied Turner's motion and dismissed his complaint as frivolous under the Prisoner Litigation Reform Act. See 28 U.S.C. § 1915(e)(2)(B)(i).

2

This Court reviews the dismissal of a complaint as frivolous under PLRA for abuse of discretion. Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir. 2001). "A claim is frivolous if it is without arguable merit either in law or fact." Id. at 1349. To state a claim of deliberate indifference to serious medical needs, a prisoner must prove four elements: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).

The district court did not abuse its discretion in finding Turner's complaint to be frivolous. Turner's complaint amounts to no more than a disagreement with the medical treatment prison officials provided him. See Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). Florida officials conducted numerous tests and prescribed medications to treat Turner's complaints. Because Turner's complaint is "without arguable merit in law or fact," we

**AFFIRM**.