[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14208
Non-Argument Calendar
_____

D. C. Docket No. 06-01971-CV-JTC-1

STEVEN D. SIMON,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,
MYRA H. DIXON,
Judge of Fulton County State Court,
SONNY PERDUE,
Governor of Georgia,
THURBERT BAKER,
Attorney General of Georgia,
KAREN HANDEL,
Secretary of State of Georgia, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 16, 2008)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

The district court dismissed appellant's pro se civil rights complaint[1] without prejudice, under 28 U.S.C. § 1915(e)(2), on the ground the complaint's allegations are frivolous. Appellant now appeals the court's decision, arguing that the district court erroneously determined that his claims regarding the "Grady Hospital Incident" were barred by the applicable statute of limitations, and that his claims regarding the "State Court Incident" were legally insufficient.[2]

We review for an abuse of discretion a district court's determination of frivolity under 28 U.S.C. § 1915(e). Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "A claim is frivolous if it is without arguable merit either in law or fact." Id.

For personal injury actions brought under § 1983, federal courts apply the forum state's statute of limitations. Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir.), cert. denied, 127 S.Ct. 516 (2006). Under Georgia law, the statute of limitations applicable to appellant's claims involving the "Grady Hospital Incident" is two years. Id. (citing Ga. Code Ann. § 9-3-33). Because that incident occurred nearly

---

[1] The complaint seeks damages under 42 U.S.C. § 1983.

[2] Appellant does not address the district court's decision not to invoke supplemental jurisdiction and entertain his state law claims. This issue is therefore abandoned. Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002).

five years before appellant filed his complaint, the district court did not abuse its discretion in finding that the statute of limitations was a bar. See Porter, 461 F.3d at 1323. We turn, then, to the claims based on the "State Court Incident."

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on a theory of respondeat superior under § 1983. Gray ex. rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006), cert. denied, 127 S.Ct. 2428 (2007). "Instead, supervisors can be held personally liable when either (1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation." Id.

Appellant alleged unconstitutional actions by deputies who passed around mug shots of him and followed him and family members. He sought, however, to hold Fulton County Sheriff Myron Freeman liable for those actions. Appellant cannot recover against the Sheriff because a supervisor cannot be held vicariously liable for his subordinates' conduct under § 1983. See Bostic, 458 F.3d at 1308. With respect to the remaining defendants named in appellant's complaint, including a lawyer, a state court judge, and Fulton County Commissioners, the complaint recites no facts that would give rise to a claim.

AFFIRMED.