[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15167
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-23720-JAL

MATTIE LOMAX,

Plaintiff-Appellant,

versus

THE STATE OF FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 17, 2012)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Mattie Lomax, proceeding pro se, appeals the district court's dismissal of her notice of removal of her criminal case and her attempt to initiate a § 1983 claim. Lomax asserts that the district court erred in finding that her claim, which she contends to have filed in Florida state court, was frivolous and intended to harass the arresting officers associated with a state battery proceeding against her.

In her notice of removal, Lomax contended that 28 U.S.C. § 1443(1) gave her grounds for removal to federal court. Section 1443(1) allows for removal of "criminal prosecutions, commenced in a State court . . . [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). To qualify under § 1443(1), Lomax "must show both that the right upon which [she] rel[ies] is a right under any law providing for equal civil rights, and that [she is] denied or cannot enforce that right in the courts of" Florida. Georgia v. Rachel, 384 U.S. 780, 788, 86 S. Ct. 1783, 1788 (1966) (alteration and quotations omitted). It is clear that Lomax's notice of removal failed to explain how she meets this standard, especially the requirement that she be denied or unable to enforce her rights in state court. Accordingly, there was no basis for Lomax to remove her criminal case to federal court. In any action removed from state court, "[i]f at any

2

time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). Thus, to the extent that Lomax removed her state criminal proceeding to district court, the district court should have remanded that portion of her case to state court, rather than dismissing it. Id.

The district court construed Lomax's notice of removal as also trying to institute a § 1983 claim. The district court dismissed that claim as frivolous and harassing under 28 U.S.C. § 1915(e)(2)(B). We discern no abuse of discretion in that decision. See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**[1]

---

[1] Lomax's request for oral argument is DENIED.