[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15808
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cv-80949-DMM

PAULINE MOODY,

Plaintiff-Appellant,

versus

CITY OF DELRAY BEACH,
DELRAY BEACH POLICE DEPARTMENT,
STATE OF FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 11, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Pauline Moody, proceeding *pro se*, appeals the district court's denial of her motion for leave to proceed *in forma pauperis* and its dismissal of her civil rights action under 42 U.S.C. § 1983.  In her complaint, Moody alleged that the defendants violated her civil rights when they arrested her for battery in 2007. The court below denied her motion to proceed *in forma pauperis* and dismissed her complaint because it found the complaint identical to a complaint she had previously filed in 2003 that had been dismissed with prejudice.  Moody asserts on appeal that the district court erred when it concluded that her complaint was frivolous because her new complaint differs from her earlier complaint in the prior case.  Because we agree with Moody that her new complaint differs from the earlier complaint, we vacate the district court's judgment and remand for further proceedings.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  A district court's dismissal of a motion to proceed *in forma pauperis* because the issues raised are frivolous is reviewed for abuse of discretion.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).  A claim is frivolous if it is without arguable merit either in law or fact.  *Id.* at 1349.

Under the doctrine of *res judicata*, a claim is barred by prior litigation if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of *res judicata*." *Id.* at 1239 (citation and quotation marks omitted). However, *res judicata* bars only those claims that could have been raised in the prior litigation. *Id.* at 1238-39; *see also Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992) (holding that *res judicata* does not bar those claims that arose after the original pleading was filed in the earlier proceeding).

Moody's prior complaint contained allegations that she had been raped and falsely imprisoned by an officer of the Delray Beach Police Department in 1989. That complaint was dismissed in 2004. In Moody's present complaint, however, she contends that the defendants violated her civil rights in events arising out of her arrest for battery in 2007. Because her present complaint is not identical to her prior complaint, but involves a wholly separate factual predicate, the district court

3

erred in so holding and dismissing her complaint and denying *in forma pauperis* status for that reason.  Accordingly, we vacate the district court's judgment and remand the case for further proceedings.

**VACATED AND REMANDED.**