[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11974
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00959-CAP


JOHNNY TRAYLOR,

Plaintiff – Appellant.

versus

KIRSTEN MILLER HOWARD, et al.

Defendants – Appellees.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 18, 2014)

Before WILLIAM PRYOR, MARTIN, and COX, Circuit Judges.

PER CURIAM:

Johnny Traylor, a frequent litigant proceeding *pro se*, appeals the *sua sponte* dismissal of his complaint as frivolous and for failure to comply with

the district court's standing order enjoining him from filing any new lawsuits without first obtaining permission from the district court and posting a $5,000 bond.  Traylor argues that the district court's order dismissing his complaint violated his right to a jury trial and that his complaint was not frivolous.[1]  We affirm.

We review a district court's dismissal for frivolity for abuse of discretion. *Cf. Bilal v. Driver*, 251 F.3d 1346, 1348–49 (11th Cir. 2001) (conducting frivolity review of an *in forma pauperis* action under 28 U.S.C. § 1915(e)).  A district court has the inherent authority to dismiss a frivolous complaint. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307–08, 109 S. Ct. 1814, 1821 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").  We have reviewed the allegations in the complaint, and find that the district court did not abuse its discretion in dismissing Traylor's complaint as frivolous.  As the district court properly noted, "[n]one of the counts contain allegations that the defendants named in the action committed some wrong or violated some right of Traylor's . . . ."

---

[1] The district court had jurisdiction because the complaint, while frivolous, does purport to bring at least one claim under federal law.

(District Court Order at 2). The district court did not dismiss the complaint based upon its standing order. Thus, we need not address the propriety of the court's standing order.

**AFFIRMED**