[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14170
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-23198-CMA


CHARLES EDWARD STALLWORTH,

Plaintiff-Appellant,

versus

WAYNE DAVID COLLINS,
Assistant State Attorney, in Individual and Official Capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 22, 2019)

Before TJOFLAT, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Charles Stallworth, proceeding *pro se*, filed a civil complaint against Wayne Collins, an assistant state attorney in the State of Florida.  Stallworth brought suit under 42 U.S.C. § 1983 and claims that the assistant state attorney violated his Fourteenth Amendment rights by "discharging" an indictment against him in 2001 and failing to re-file a new indictment before a grand jury.  Stallworth was then tried in state court and convicted of first-degree murder and related charges and sentenced to life in prison.  He requests "injunctive relief commanding the correction of the unlawful imprisonment that was not authorized by law, and to release [him] from all restraints of the Florida Department of Correction[s] in which he is illegally detained based upon a void indictment."  The District Court found that Stallworth's complaint fails to state a viable claim and dismissed it *sua sponte*.  He now appeals the dismissal.

Stallworth was proceeding *in forma pauperis*.  Thus, the District Court was required to dismiss his case if it determined his complaint was "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "fail[ed] to state a claim on which relief may be granted," *id.* § 1915(e)(2)(B)(ii).  "[A]n action is frivolous if it is 'without arguable merit either in law or fact.'"  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).  We review the District Court's dismissal for failure to state a claim *de*

2

*novo*, "viewing the allegations in the complaint as true." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Section 1983 provides a cause of action for private citizens to sue government actors who violate their constitutional rights and other federal laws. *See* 42 U.S.C. § 1983. The challenged conduct must have (1) deprived the plaintiff of a right secured by the Constitution or laws of the United States and (2) been committed by a person acting under color of state law. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003).

But § 1983 does have a limit. For example, the Supreme Court has said that

> a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S. Ct. 1242, 1248 (2005).[1]

Here, Stallworth is challenging the merits of his conviction and sentence, but he has not shown that either was previously invalidated. Thus, his § 1983 action is

---

[1] This explanation in *Wilkinson* derives from the Court's earlier decisions in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973), and *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In *Preiser*, the Court held "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500, 93 S. Ct. at 1841. In *Heck*, the Court held that, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" (1) "has been reversed on direct appeal," (2) "expunged by executive order," (3) "declared invalid by a state tribunal authorized to make such determination, or" (4) "called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486–87, 114 S. Ct. at 2372 (footnote omitted).

barred. And because he "is challenging the very fact . . . of his physical imprisonment" and "seeks . . . a determination that he is entitled to immediate release . . . from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). Thus, his suit under § 1983 has no arguable merit in law.[2]

The judgment of the District Court is

**AFFIRMED.**

---

[2] As an alternative holding, the District Court found that Stallworth's claim was barred because the assistant state attorney is entitled to prosecutorial immunity. But because Stallworth asks for injunctive relief, not damages, the assistant state attorney is not entitled to prosecutorial immunity. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam). This error was harmless because Stallworth's complaint must be dismissed for the reasons we explained above.