[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13362
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-20697-JLK

RONALD SATISH EMRIT,

Plaintiff-Appellant,

versus

SECRETARY MIGUEL CARDONA,
UNITED STATES DEPARTMENT OF
EDUCATION,
DEFAULT RESOLUTION GROUP,
ACTION FINANCIAL SERVICES,

Defendants-Appellees,

NELNET,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 8, 2021)

Before JILL PRYOR, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Ronald Emrit, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 action for violations of the Fifth and Fourteenth Amendments, the Privileges and Immunities Clause, the Americans with Disabilities Act, Title VII of the Civil Rights Act, breach of contract, negligence, intentional infliction of emotional distress, and invasion of privacy, as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). He asserts the district court erred because he alleged sufficient facts to establish his claims. Emrit was granted *in forma pauperis* (IFP) status before the district court.

Subsection 1915(e)(2)(B)(i) states that a court shall dismiss at any time an IFP proceeding that the court determines to be frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Moreover, § 1915 accords judges the "power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

The district court did not abuse its discretion in dismissing Emrit's complaint. *See Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (reviewing for abuse of discretion a district court's determination that an IFP complaint is

2

frivolous under § 1915(e)(2)(B)(i)).  Although *pro se* complaints are liberally construed, Emrit's complaint fails to allege facts or legal arguments with "arguable merit."  *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (stating we liberally construe *pro se* pleadings); *Bilal*, 251 F.3d at 1349.   His complaint contained numerous legal terms and concepts, but failed to connect those concepts to his underlying argument that the garnishment of his disability checks was illegal, and his student loan debts should be discharged.  The only conduct by the defendants he appears to challenge is their involvement in garnishing or failing to end the garnishment of his checks.  He failed to connect this conduct, however, to any contractual or employment relationship, denial of due process, his race, differential treatment, a negligent violation of duty, emotional distress, or publication at issue.  Accordingly, we affirm the district court.

      **AFFIRMED.**