[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13863

Non-Argument Calendar

_____

FREDERICK WROTEN,

Plaintiff-Appellant,

*versus*

J. LANGFORD FLOYD,
Judge,
JUDY NEWCOMBE,
District Attorney,
J. CLARK STANKOSKI,
Judge,
ROBERT WILTERS,
District Attorney,

2                    Opinion of the Court                    21-13863

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cv-00121-TFM-N

———————————————

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Frederick Wroten, proceeding *pro se*, appeals the district court's dismissal of his civil rights complaint for failure to state a claim because it was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and because the defendants were immune from claims for monetary relief. He contends the district court erred in finding no federal claims remained in his action and contends a ruling on his allegations would not undermine his other state convictions or affect his release. After review,[1] we affirm.

---

[1] We review *de novo* a district court's dismissal of an *in forma pauperis* (IFP) complaint for failure to state a claim under 28 U.S.C. §§ 1915(e) and 1915A. *Bilal v. Driver*, 251 F.3d 1346, 1348–49 (11th Cir. 2001). Section 1915(e) provides, *inter alia*, that any IFP action or appeal shall be dismissed at any time if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

Section 1983 provides a cause of action for private citizens against government actors for violating their constitutional rights and other federal laws. 42 U.S.C. § 1983. To recover damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid in a § 1983 action, a plaintiff must show the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. If this type of § 1983 action is brought before the challenged conviction or sentence is invalidated, it must be dismissed. *Id.* at 487. Thus, the district court considers whether a favorable judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* If the outcome would imply invalidity, then the plaintiff's complaint must be dismissed unless the plaintiff can establish the conviction or sentence was already invalidated. *Id.*

We have clarified that for *Heck* to apply, a successful § 1983 suit and the underlying conviction must be logically contradictory such that the § 1983 suit would negate the conviction. *See Dyer v. Lee*, 488 F.3d 876, 879–80, 884 (11th Cir. 2007). We ask whether "it is *possible* that the facts could allow a successful § 1983 suit and the underlying conviction both to stand without contradicting each other." *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1193 (11th Cir. 2020) (emphasis in original) (quotation marks

omitted). The *Heck* doctrine applies when the "invalidation of a conviction or speedier release would . . . automatically flow from success on the § 1983 claim." *Id.* (quotation marks omitted). In *Harrigan*, we held *Heck* did not bar Harrigan's § 1983 suit because, if his § 1983 excessive-force claim was successful, it would not necessarily imply the invalidity of his state-court convictions as there was a version of facts that would allow his punishment to stand alongside a successful § 1983 suit. *Id.* at 1196–97.

The district court did not err in dismissing Wroten's second amended complaint because it was barred by *Heck*. If Wroten's § 1983 action was successful, it would have invalidated his convictions and sentences because he was directly challenging their validity by asserting they were obtained in violation of the U.S. Constitution. He also conceded his convictions and sentences had not been previously invalidated. Unlike in *Harrigan*, there was no version of facts that would allow Wroten's convictions and sentences to stand if his § 1983 suit succeeded because his convictions and sentences could not stand if the issuing court lacked jurisdiction. *See id.* Because Wroten was thus effectively collaterally attacking his convictions and sentences and they had not been invalidated, *Heck* applied, given that the success of his action would necessarily have implied the invalidity of his convictions and sentences. *See Heck*, 512 U.S. 486-87; *Dyer*, 488 F.3d at 879-80, 884.

**AFFIRMED.**