[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11008

Non-Argument Calendar

_____

ERIC WATKINS,

Plaintiff-Appellant,

*versus*

FORT LAUDERDALE POLICE OFFICER,
unknown name,
CITY OF FORT LAUDERDALE,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-60081-RS

———————————

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Eric Watkins appeals the denial of his *pro se* motion for leave to file a complaint in the district court. Watkins intended to bring claims against the City of Fort Lauderdale and an unknown police officer arising under 42 U.S.C. § 1983. Pursuant to a sanctions order requiring Watkins to seek leave of court prior to initiating a new lawsuit in the Southern District of Florida, the district court screened the proposed complaint and concluded that Watkins's claims lacked merit. After careful review, we affirm the district court's order in part, vacate the order in part, and remand with instructions to docket Watkins's complaint.

I.

The following factual circumstances are recited from Watkins's filings in the district court, and we assume they are true for the purposes of our analysis.

Watkins encountered the police officer in the parking lot of a Fort Lauderdale post office. Watkins was in the parking lot

singing "an anti-gay song" for some time. The officer, after observing Watkins from his patrol car for more than an hour, exited his vehicle with a dog and "walk[ed] through the parking lot." Watkins began videotaping the officer. When the officer noticed that Watkins was videotaping, he shined a flashlight at Watkins and "order[ed]" him to stop videotaping. Watkins "ignore[d]" the order and continued to sing and film.

The officer then approached Watkins and permitted his dog to climb on Watkins's car. Watkins asked the officer whether there was a problem, and the officer told Watkins to leave the parking lot "right now" and never come back. Watkins asked if the officer's command was related to trespassing, and the officer "nodded his head." Watkins then left the parking lot.

This was not the first time Watkins had encountered the officer in the post office parking lot. "[A] long time" before the incident, the same officer had "threatened" to "permanently trespass [Watkins] from the parking lot" for singing and videotaping.

Based on the encounter, Watkins filed a motion seeking leave to file a complaint in the district court. The proposed complaint alleges violations of his constitutional rights under the First and Fourteenth Amendments. He contends that the officer's order constituted retaliation for a protected First Amendment activity. And he argues that the City failed to provide an adequate pre-deprivation process before banning him from the parking lot.

The district court denied the motion, concluding that Watkins's claims were meritless. The district court explained that Watkins failed to "pl[ead] a city custom or policy that resulted in a constitutional violation," dooming any claim against the City and the officer in his official capacity. As for the claim against the officer individually, the district court determined that Watkins had failed to plead any facts that would "establish a constitutional violation." Watkins filed a timely notice of appeal.

## II.

Because "[a] determination of frivolity is best left to the district court," we review that determination "only for abuse of discretion." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "A claim is frivolous if it is without arguable merit either in law or fact." *Id.* "A district court abuses its discretion if it . . . applies the law in an unreasonable or incorrect manner . . . ." *Citizens for Police Accountability Pol. Comm. v. Browning*, 572 F.3d 1213, 1216–17 (11th Cir. 2009). We review pleadings by a *pro se* litigant "more liberally than those of a represented party." *Loren v. Sasser*, 309 F.3d 1296, 1301 (11th Cir. 2002).

## III.

Section 1983 prohibits individuals acting under color of state law from depriving another of a constitutional right. 42 U.S.C. § 1983. The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech, or . . . the right . . . to petition the government for a redress of grievances." U.S. Const.

amend. I. A First Amendment retaliation claim against an official has three elements. *Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir. 2019). A plaintiff must allege: (1) that he engaged in protected speech, (2) that the official's conduct adversely affected the protected speech, and (3) that a causal connection exists between the speech and the official's retaliatory conduct. *Id.* Moreover, to hold a municipality liable for a constitutional violation, a claimant must allege that a "custom or policy" of the municipality "caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

We cannot say that the allegations in Watkins's complaint failed to state an arguably meritorious First Amendment claim against the officer. First, Watkins was at least arguably engaged in a constitutionally protected activity. *See Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000) (holding that individuals have a First Amendment right, subject to restrictions, to videotape officers); *see also Otto v. City of Boca Raton, Fla.*, 981 F.3d 854, 859 (11th Cir. 2020) (explaining that even "controversial speech" is protected by the First Amendment). Second, the officer's order to leave arguably adversely affected Watkins's ability to exercise his First Amendment rights because it required him to cease his constitutionally protected activity. And third, a causal relationship at least arguably exists between the officer's order and Watkins's speech. According to Watkins, the officer previously threatened to ban him from the same parking lot for engaging in the same activity. Therefore, we cannot say that Watkins's First Amendment

claim was frivolous, and the district court should have permitted Watkins to file the complaint.

We can say, however, that Watkins's complaint was without merit to the extent he sought to impose liability on the City for the officer's alleged First Amendment violation. The proposed complaint contains no allegations that would tie any policy or custom of the City to the officer's conduct.

The district court did not address Watkins's remaining allegations, and we do not either. As we read his proposed complaint, Watkins intended to bring a claim under the Due Process Clause of the Fourteenth Amendment against the City and the officer for interfering with his right to enjoy public property without pre-deprivation notice and a right to be heard. We do not address the merits of that claim.

## IV.

For these reasons, we **AFFIRM** the district court's conclusion that Watkins's First Amendment claim against the City of Fort Lauderdale was frivolous. We **VACATE** the remainder of the denial of Watkins's motion for leave to file a complaint and **REMAND** with instructions to docket Watkins's proposed complaint.