[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14052

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL D. BEITER, JR.,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:11-cr-60273-WPD-2

_____

2                          Opinion of the Court                          22-14052

Before Newsom, Branch, and Grant, Circuit Judges.

PER CURIAM:

In 2013, a jury convicted Michael Beiter, Jr., of conspiracy to defraud the United States and multiple counts of false and fictitious claims upon the United States, and he was sentenced to 300 months' imprisonment.  Most recently in November 2022, Beiter filed a *pro se* "motion for definitive ruling and correction of the record," in which he sought to have the record in his case "corrected" to reflect that Beiter "fired" his court-appointed counsel, Clark Mervis, and that Mervis did not represent him during the criminal proceedings.  The district court denied the motion, noting that "Mervis was appointed to represent Beiter, and he did the best job that he could with an extremely difficult client."  The district court explained that "[a]lthough Beiter attempted to fire Mervis, he would not hire another lawyer, he would not represent himself, and he gave no reason for the [c]ourt to believe that Mervis was under-performing or that another lawyer would do a better job."  Accordingly, Mervis remained counsel of record.  Beiter now appeals the district court's ruling, arguing that the district court erred in denying his request to correct the record.

In response, the government moved for summary affirmance of the district court's order, arguing that the appeal is frivolous.  Beiter opposes the motion.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can

22-14052                  Opinion of the Court                  3

be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] An appeal is frivolous when the party is not entitled to relief because there is no basis in fact or law to support their position. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if it is without arguable merit either in law or fact.").

Here, despite Beiter's contentions to the contrary, the record reflects correctly that Mervis represented Beiter as his court-appointed counsel throughout the underlying criminal proceedings. Therefore, Beiter's appeal of the district court's order denying his motion to correct the record is frivolous and the government's motion for summary affirmance is **GRANTED**.[2] *Groendyke Transp., Inc.*, 406 F.2d at 1162.

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions from the Fifth Circuit Court of Appeals issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit).

[2] Beiter also requests that this case be consolidated with other appeals he has filed in case nos. 22-11733 and 22-11978, and that this appeal be heard initially en banc. Those motions are DENIED.