[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11733

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL D. BEITER, JR.,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:11-cr-60273-WPD-2

_____

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Michael Beiter, Jr., a federal prisoner proceeding *pro se*, appeals the district court's order denying his second post-judgment motion to "correct the record" in his underlying criminal case. The government, in turn, has moved for summary affirmance, arguing that the appeal is frivolous. Beiter opposes the motion.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] An appeal is frivolous when the party is not entitled to relief because there is no basis in fact or law to support their position. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if it is without arguable merit either in law or fact.").

In 2013, a jury convicted Michael Beiter, Jr., of conspiracy to defraud the United States and multiple counts of false and fictious claims upon the United States, and he was sentenced to 300 months' imprisonment. Since then, Beiter has filed numerous post-judgment motions seeking to clarify or otherwise correct the

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions from the Fifth Circuit Court of Appeals issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit).

22-11733                Opinion of the Court                3

record.  As relevant to this appeal, in May 2022, Beiter filed a "motion to correct the record" in which he sought to have the record in his case "corrected" to reflect that Beiter was never represented by the Federal Public Defender's Office ("FPD") in his underlying criminal case because he had "fired" FPD as counsel.[2] The district court denied the motion.  Beiter now appeals the district court's ruling, arguing that the district court erred in denying his request to correct the record.

Here, despite Beiter's contentions to the contrary, the record reflects correctly that FPD represented Beiter as his court-appointed counsel during the underlying criminal proceedings from December 2011 to January 2012.[3]  Therefore, Beiter's appeal of the district court's order denying his motion to correct the record is frivolous and the government's motion for summary

---

[2] Beiter previously filed a similar motion in April 2022, which the district court denied.

[3] The record reflects that, at Beiter's initial appearance in 2011, Beiter opposed the appointment of counsel but also stated that he would not be hiring counsel and that he would not be representing himself, so the magistrate judge appointed the FPD to represent him over his objection.  And throughout the proceedings, Beiter repeatedly asserted that he "fired" FPD counsel, and the magistrate judge explained that "[f]or purposes of this Court's record . . . regardless of how many times you fire him, he is appointed for these proceedings at this time."  Thus, while it is clear that Beiter disagreed with the court's decision concerning counsel, from a legal standpoint, Beiter was in fact represented by the FPD during a portion of the underlying criminal case, and there is nothing to correct in the record.  The record is legally accurate.

4                    Opinion of the Court                    22-11733

affirmance is **GRANTED**.[4]  *Groendyke Transp., Inc.*, 406 F.2d at 1162.

---

[4] Beiter's motion for this Court to hear this case as an initial matter *en banc* is DENIED.