[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-12680

Non-Argument Calendar

_____

DEKORRIE BELL,

Plaintiff-Appellant,

*versus*

ANTHONY AVILDSEN,
JOHNATHAN AVILDSEN,
ASHLEY AVILDSEN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

D.C. Docket No. 2:23-cv-01095-AMM

———————————————

Before JILL PRYOR, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

DeKorrie Bell, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of her amended complaint alleging violations of 18 U.S.C. § 1832 against Anthony Avildsen, Johnathan Avildsen, and Ashley Avildsen as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). After review,[1] we affirm the district court.

Section 1915(e) provides, in relevant part, that a district court shall dismiss an *in forma pauperis* action or appeal at any time if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). An action is frivolous "if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). To survive a 12(b)(6) motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] We review a district court's dismissal of a claim as frivolous pursuant to § 1915(e)(2)(B)(i) for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). However, we review a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) *de novo*, using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

(quotation marks omitted). "[P]laintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal." *Jackson v. Bell-South Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). While we liberally construe the pleadings of *pro se* litigants, we will not "serve as *de facto* counsel" or "rewrite an otherwise deficient pleading." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation marks omitted).

The district court did not err by dismissing Bell's amended complaint because it was frivolous and did not state a claim upon which relief could be granted. Bell's amended complaint centered around the allegation that Johnathan Avildsen "acted negligently only in the gathering of information and that his movie was used in educational settings in public schools in Birmingham," and, in doing so, Avildsen "violated moral rights" of students at Carver High School and residents of the surrounding neighborhood. The amended complaint and supplemental pleading do not identify specific actions by any of the Avildsens, instead referring only to the general allegation of information gathering in the 1970s. Although Bell attached newspaper articles discussing specific events at Carver to her supplemental pleading, Bell did not allege or explain any specific parallels between those events and the *Lean on Me*

movie. Even if *Lean on Me* were found to be a depiction of events at Carver, Bell's complaint does not state any plausible theory for relief from the Avildsens. Her assertions that Johnathan Avildsen was negligent and that *Lean on Me* was based on events at Carver lack particularity and are conclusory. She does not allege that any elements of the film depict her personally or are based on her individual experiences. She does not describe any particular harm she has suffered or identify any specific intellectual property or copyright of hers that was allegedly infringed. Although Bell submitted a letter stating she was diagnosed with gender dysphoria, she does not allege how this is related to *Lean on Me* or the Avildsens. Bell also stated she filed her claim "only to make [the Avildsens] aware of elements that long have plagued society." Further, the complaint does not contain any factual allegations pertaining to Anthony or Ashley Avildsen. Bell's complaint accordingly lacked merit in either law or fact and failed to allege sufficient facts to state a claim plausible on its face. *Iqbal*, 556 U.S. at 678; *Bilal*, 251 F.3d at 1349. As such, the district court did not abuse its discretion in concluding that Bell's complaint was frivolous, and the district court did not err in concluding the complaint failed to state a claim upon which relief could be granted.

**AFFIRMED.**