**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12958

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSHUA JAMES YORK,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:24-cr-00042-MTT-CHW-1

————————————

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Joshua York appeals his 270-month sentence of imprisonment for possession with intent to distribute methamphetamine. He argues that the district court erred in finding that his Georgia

methamphetamine convictions were "controlled substance offenses" under U.S.S.G. § 4B1.2(b).  The government moves for summary affirmance, arguing that York's appeal is foreclosed by our precedent in *United States v. Kennedy*, 146 F.4th 1054, 1071–72 (11th Cir.), *cert. denied*, 146 S. Ct. 393 (2025).  After careful review, we grant the government's motion and summarily affirm.

Summary disposition is appropriate either where time is of the essence, as in "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]  An appeal is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

We review a district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Dupree*, 57 F.4th 1269, 1272 (11th Cir. 2023) (en banc).  The prior panel precedent rule requires us to follow the precedent of the first panel to address the relevant issue, unless the first panel's holding is overruled either by us sitting en banc or by the Supreme Court, even

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

when a later panel is convinced the earlier panel is wrong. *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019).

A defendant is a career offender if (1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a) (2024). The career-offender guideline in § 4B1.2(b) defines a "controlled substance offense" as the following:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense . . . .

*Id.* § 4B1.2(b)(1). Methamphetamine was a "controlled substance" in Georgia at all times relevant to this appeal. O.C.G.A. § 16-13-21(4) (2013) (defining "controlled substance" to include various chemical forms of methamphetamine, as listed in O.C.G.A. § 16-13-25(3)); *id.* (2017) (same).

In *Dubois I*, we held that "[a] drug regulated by state law is a 'controlled substance' for state predicate offenses, even if federal law does not regulate that drug." *United States v. Dubois (Dubois I)*, 94 F.4th 1284, 1296 (11th Cir. 2024), *cert. granted, judgment vacated*

*sub nom., Dubois v. United States*, 145 S. Ct. 1041 (2025), *reinstated by United States v. Dubois (Dubois II)*, 139 F.4th 887 (11th Cir. 2025). We also held that "a 'controlled substance' under section 4B1.2(b)'s definition of 'controlled substance offense' is, for prior state offenses, a drug regulated by state law at the time of the conviction." *Id.* at 1300. On remand from the Supreme Court, we reinstated our decision in *Dubois I* and stated that Dubois's Georgia state marijuana conviction was a controlled substance offense under the Sentencing Guidelines. *Dubois II*, 139 F.4th at 890.

In *United States v. Kennedy*, we held that the defendant's Georgia marijuana conviction was a controlled substance offense under state law at the time of his conviction and, therefore, it qualified as a career offender predicate offense under the sentencing guidelines. 146 F.4th at 1072. We concluded that, even if Kennedy was correct that there was a "meaningful mismatch" between Georgia's and the federal definition of marijuana, this inconsistency did not matter for the purposes of the career offender enhancement because "[a] drug regulated by state law is a 'controlled substance' for state predicate offenses [under the sentencing guidelines], even if federal law does not regulate that drug." *Id.* at 1071 (quoting *Dubois I*, 94 F.4th at 1296)

Here, the government is clearly correct as a matter of law that York's arguments as to whether his Georgia methamphetamine convictions count as "controlled substance offenses" under § 4B1.2(b) are foreclosed by our holding in *Kennedy*. *Kennedy* di-

25-12958          Opinion of the Court          5

rectly addressed York's claim about the differing Georgia and federal definitions of methamphetamine. Specifically, we held that, even if there is a "meaningful mismatch" in drug definitions, for purposes of the sentencing guidelines, a "controlled substance" is a drug regulated by state law at the time of state conviction. *Id.* at 1071–72. Methamphetamine was a regulated drug at the time of both of York's prior convictions, making his Georgia convictions "controlled substance offenses" under the sentencing guidelines. O.C.G.A. §§ 16-13-21(4), 16-13-25(3) (2013); *id.* (2017); *Kennedy*, 146 F.4th at 1071–72. Thus, we GRANT the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

   **AFFIRMED.**