[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10408
Non-Argument Calendar

_____

D.C. Docket No. 0:19-mc-63180-WPD

In re: ERIC WATKINS LITIGATION.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 1, 2020)

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding *pro se*, appeals the district court's denial of his motion for leave to file a 42 U.S.C. § 1983 complaint alleging a claim under the Fourteenth Amendment. Watkins sought leave to sue Randy Azeal, a deputy at the jail where Watkins was detained pretrial in late 2015 and early 2016, for non-physical sexual harassment, including threats of rape and menacing sexual gestures.

Watkins moved for leave to file his complaint because, in a prior proceeding, the district court had sanctioned him as a vexatious litigant and entered a filing injunction that prevented him from filing any new lawsuit in the Southern District of Florida without prior court approval.  We upheld this filing injunction on appeal "so long as the court merely 'screen[s] out the frivolous and malicious claims and allow[s] the arguable claims to go forward.'"  *Watkins v. Dubreuil*, No. 19-15131, 2020 WL 4038045, at *6 (11th Cir. July 17, 2020) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 518 (11th Cir. 1991)).

After screening Watkins's allegations, the district court denied him leave to file a complaint.  The court concluded that the proposed lawsuit was malicious because his "allegations [we]re consistent with [his] pattern of goading individuals into responding to his inappropriate behavior so that he can later sue them, usually years later, just as the statute of limitations is about to run."[1]  The court also declined to recuse despite Watkins's allegations of personal animus and racial bias.  Watkins appeals both rulings.  We affirm the district court's refusal to recuse, but we vacate and remand with instructions to docket Watkins's complaint.

---

[1] The district court's initial finding that Watkins improperly brought a claim under the Eighth Amendment as a pretrial detainee would not support dismissal under a liberal construction of his complaint.  *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) (noting that courts should liberally construe *pro se* filings "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis").  But the court later acknowledged that Watkins raised a claim under the Fourteenth Amendment, while still denying leave to file, so any error in that regard had no effect on the court's decision.

## I.

We review a district court's denial of a motion to recuse for an abuse of discretion. *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir.1999). Under the abuse-of-discretion standard, we will affirm the refusal to recuse unless we "conclude that the impropriety is clear and one which would be recognized by all objective, reasonable persons." *Id*.

A federal judge must disqualify himself if his "impartiality might reasonably be questioned," or where a judge "has a personal bias or prejudice concerning a party," has participated as counsel in the matter, or has a financial interest in the matter. 28 U.S.C. § 455(a), (b). Bias sufficient to disqualify generally "must stem from extrajudicial sources," not court rulings, "unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *Bailey*, 175 F.3d at 968 (quotation marks omitted). "Challenges to adverse rulings are generally grounds for appeal, not recusal." *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009).

Here, we find no grounds for concluding that the district judge's impartiality might reasonably be questioned or that the judge has a personal bias or prejudice concerning Watkins. Watkins's claim of racial bias is simply baseless. And we do not find that the judge's rulings in this case and prior cases "demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *Bailey*,

175 F.3d at 968. Notably, we upheld the filing injunction entered by the same judge based on Watkins's "history of filing meritless and vexatious lawsuits." *Watkins*, No. 19-15131, 2020 WL 4038045, at *5. Accordingly, the district judge did not abuse his discretion by refusing to recuse.

## II.

Next, we consider the merits of Watkins's allegations, which we recite below and assume the truth of for purposes of this analysis. According to Watkins, after he was transferred to the Broward County Main Jail, jail deputy Azael would appear at his cell and verbally sexually harass him by making "repeated homosexual gestures and comments." On December 27, 2015, Azael appeared at his cell and told Watkins he was a handsome man and made "homosexual gestures." Then, on January 9, 2016, Watkins was in the day room when Azael came by and ordered him to his cell. While Watkins was walking to his cell, Azael grabbed his hand. Watkins pulled away and kept walking, eventually entering his cell. Azael became angry, slammed Watkins's cell door, and "began to angrily threaten to rape [him] in the future" and made "menacing homosexual gestures at [him]." Watkins added that Azael "would repeatedly threaten to rape me over and over." Watkins alleged that these events caused him severe mental distress.

In affirming the filing injunction entered against Watkins, we stated that the injunction was permissible "so long as the court merely 'screen[s] out the frivolous

and malicious claims and allow[s] the arguable claims to go forward.'" *Watkins*, No. 19-15131, 2020 WL 4038045, at \*6 (quoting *Cofield*, 936 F.2d at 518). We added, "Should [Watkins] have a colorable claim he will be able to file his claim in federal court." *Id.*

So the question is whether Watkins has a colorable, or non-frivolous, claim. "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). In determining frivolousness, the court may also consider "a litigant's history of bringing unmeritorious litigation." *Id.* at 1350. Nevertheless, the court is required to liberally construe the filings of a *pro se* litigant. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Because Watkins was a pretrial detainee at the time of the alleged violations, his allegations are governed by the Due Process Clause of the Fourteenth Amendment. *Jackson v. West*, 787 F.3d 1345, 1352 (11th Cir. 2015). Nevertheless, the minimum standard allowed by the Due Process Clause for pretrial detainees is the same as that allowed by the Eighth Amendment for prisoners. *Id.*

We have recognized that "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." *Sconiers v. Lockhart*, 946 F.3d 1256, 1267 (11th Cir. 2020). But "verbal taunts . . . however distressing" do not violate a prisoner's constitutional rights under the Eighth Amendment. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989); *see also Austin v. Terhune*, 367

5

F.3d 1167, 1171 (9th Cir. 2004) ("Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) ("Although plaintiffs allege Mr. Pulsipher subjected them to severe verbal sexual harassment and intimidation, these acts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment.").

Here, Watkins does not allege sexual abuse or any physical contact other than Azael's brief touching of his hand. And Azael's alleged conduct of directing demeaning homosexual comments and gestures at Watkins, though unacceptable and unrelated to any legitimate governmental objective, is the type of verbal harassment or taunting that is not actionable under the Eighth or Fourteenth Amendments. *See Edwards*, 867 F.2d at 1274 n.1.

But we cannot say with certainty, at this early stage, that this same principle applies to Watkins's allegation that Azael angrily and repeatedly threatened to rape him, which he says caused him severe mental distress. A guard's angry and repeated threats to rape an inmate in his custody is conduct objectively more serious than mere vulgar words or gestures. And some other circuits have at least held out the possibility that verbal threats, under certain circumstances, may be sufficient to state a constitutional claim. *See Chandler v. D.C. Dep't of Corr.*, 145 F.3d 1355, 1360–

6

61 (D.C. Cir. 1998) ("Although a verbal threat standing alone is generally inadequate to state a constitutional claim, such a threat could violate the Eighth Amendment if the resulting harm were sufficiently severe."); *cf. Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (stating that "sexual harassment or abuse of an inmate by a corrections officer . . . may well result in severe physical and psychological harm," which may "constitute the unnecessary and wanton infliction of pain forbidden by the Eighth Amendment" (citations and quotation marks omitted)). We therefore conclude that Watkins has presented an "arguable" constitutional claim which, notwithstanding the filing injunction, he should have been permitted to file in federal court.[2]

For these reasons, we affirm the district judge's refusal to recuse, but we vacate the denial of Watkins's motion for leave to file and remand with instructions to docket Watkins's proposed complaint.

**AFFIRMED IN PART; VACATED AND REMANDED.**

---

[2] To be clear, we do not decide that Watkins has stated a plausible claim to relief, just that we cannot say that his claim is "frivolous." We also note that, without an allegation of physical injury, 28 U.S.C. § 1997e(e) prevents him from recovering compensatory or punitive damages. *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015). But "nothing in § 1997e(e) prevents a prisoner from recovering nominal damages for a constitutional violation without a showing of physical injury." *Id.* at 1307–08.