[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12716

Non-Argument Calendar

_____

GREGORY WOODEN,

Plaintiff-Appellant,

*versus*

OSCAR ANDINO,
Detective Miami Dade Police,

Defendant-Appellee,

ERIC GOLDBERG,
Sergeant Metro Police,

Defendant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-22265-KMW

————————————

Before JORDAN, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Wooden, proceeding *pro se*, appeals from the district court's dismissal with prejudice of his second amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Liberally construed, Mr. Wooden's 42 U.S.C. § 1983 complaint alleged that Detective Oscar Andino of the Miami-Dade Police Department violated his Fourth Amendment and due process rights by offering false statements to secure a search warrant and effectuate his arrest.

I

We review *de novo* the district court's dismissal of a complaint for failure to state a claim under § 1915(e)(2)(B), applying the same standard as for dismissals under Rule 12(b)(6). *See Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir. 2001). And we liberally construe *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

To properly state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although detailed factual allegations are not required, a pleading that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks omitted). To be facially plausible, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id.*

## II

For a § 1983 claim, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Mr. Wooden's first apparent claim arises under the Fourth Amendment. "[T]he Fourth Amendment requires that warrant applications contain sufficient information to establish probable cause." *Holmes v. Kucynda*, 321 F.3d 1069, 1083 (11th Cir. 2003). An officer may be held liable under § 1983 for submitting an application for an arrest warrant that contains false information. *See Malley v. Briggs*, 475 U.S. 335, 346 (1986). Mere negligence, however, is not enough. The officer must have knowingly or recklessly made the false statement to secure the warrant. *See Kelly v. Curtis*, 21 F.3d 1544, 1554 (11th Cir. 1994). *See also Franks v. Delaware*, 438 U.S. 154, 156 (1978).

4                        Opinion of the Court                    22-12716

Here, Mr. Wooden's complaint can be boiled down to two central allegations.  First, Detective Andino "applied for a search warrant for Gregory Wooden for second degree murder."  D.E. 10 at 2.  Second, Detective Andino "put false information in the affidavit for a search warrant to mislead the judge to believe that there was probable cause to search and arrest [him] by stating that [he] was on surveillance footage committing a murder."  *Id.*  So Mr. Wooden identified the allegedly false statement, but his complaint is otherwise wholly conclusory on whether Detective Andino knowingly or recklessly made the false statement to secure the warrant.

For example, Mr. Wooden alleges that Detective Andino "used false information from [a] witness that he knew was false and failed to carry out a full and proper investigation."  *Id.*  But he does not allege any facts to support, or from which one could reasonably infer, this conclusion.  We do not know what information Detective Andino obtained, why he knew it was false, how he failed to conduct a proper investigation, or even who the witness was.  Did Detective Andino hear from the witness that Mr. Wooden was seen on surveillance footage committing a murder?  Did Detective Andino fabricate the footage?  Did the footage clearly depict someone other than Mr. Wooden?  After reading the complaint, we are left guessing.  These pleading deficiencies are fatal to the Fourth Amendment claim.  *See Kelly*, 21 F.3d at 1554.

As to Mr. Wooden's due process claim, the underlying theory is unclear from the face of the complaint.  Presumably, he

claims that, because the warrant was based on false information, he was arrested without a fair and reliable determination of probable cause. *See, e.g., Gerstein v. Pugh*, 420 U.S. 103, 124-25 (1975). But as we noted above, Mr. Wooden did not provide sufficient factual allegations for a court to determine if this was plausibly so. Even liberally construed, Mr. Wooden's complaint provides no guidance as to how Detective Andino deprived him of due process.

Moreover, the magistrate judge afforded Mr. Wooden two opportunities to amend the complaint and expressly informed him of the deficiencies and how he could cure them. Mr. Wooden took those opportunities to improve the style of the complaint but made no changes to its substance. Consequently, Mr. Wooden cannot show that the district court's dismissal with prejudice was erroneous.

### III

The district court did not err in dismissing Mr. Wooden's second amended complaint as to Detective Andino for failure to state a claim. Its decision is affirmed.[*]

**AFFIRMED.**

---

[*] We add a note of clarification. In his initial complaint, Mr. Wooden named Sergeant Eric Goldberg as an additional defendant. When he amended his complaint, Mr. Wooden dropped Sergeant Goldberg as a defendant. Because "an amended complaint supersedes the original complaint," *Pacific Bell Telephone Co. v. linkLine Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009), the order of dismissal applied only to Detective Andino.