**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11229

Non-Argument Calendar

————————————

PRESTON JERMAIN LEWIS,

*Plaintiff-Appellant,*

*versus*

BARRONS PROPERTY MANAGERS INC.,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:24-cv-00432-MCR-HTC

————————————

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Preston Lewis, proceeding *pro se*, appeals the district court's dismissal of his Fair Housing Act complaint against Barrons Property Managers Inc. ("Barrons") as barred by *res judicata* and as

frivolous. He argues that (1) his complaint is not barred by *res judicata* and was not frivolous; (2) the magistrate judge was not authorized to make any findings because she did not register under the Foreign Agents Registration Act; and (3) the district court judge should have recused herself because of a conflict of interest. After careful review, we affirm.

## I.    Background

For several years leading up to September 2022, Lewis, a black male, rented an apartment managed by Barrons where he alleged his minor daughters "occasionally" stayed with him before Barrons managed the property. Once Barrons started managing the property, Lewis made various complaints to Barrons regarding the unavailability of parking and necessary repairs, some of which were unaddressed.

On both September 1 and 14, 2022, Barrons sent Lewis a lease renewal via e-mail which informed him that unless he signed the renewal by 12:00 a.m. on September 15, he would need to vacate the property by October 31, 2022. Lewis received those e-mails on September 1 and 14 but did not see them at the time because he never looks at e-mails if he does not recognize the sender. As a result, Lewis did not sign the renewal contract.

In November 2022, Lewis filed a complaint in federal court against Barrons alleging violations of the Fair Housing Act based on Lewis's familial status, race, and disability. In that case, Barrons

25-11229                    Opinion of the Court                    3

was represented by the law firm Clark Partington. In January 2023, Barrons initiated eviction proceedings in state court.

Barrons moved to dismiss Lewis's complaint for failure to state a claim, which a magistrate judge denied so that Lewis could amend his complaint. When Lewis did so, he largely restated the same facts but added an allegation that Barrons's state court eviction action constituted retaliation. When Barrons again moved to dismiss Lewis's complaint, the magistrate judge recommended the district court grant dismissal because, among other things, Lewis failed to allege any facts to show that he had a protected familial status or was disabled. The district court adopted the magistrate judge's recommendation and dismissed Lewis's complaint. Lewis appealed that dismissal to this Court and was denied leave to proceed *in forma pauperis* because we determined that his appeal was frivolous.

In September 2024, Lewis filed a new lawsuit in federal court against Barrons, where he again brought the same claims under the Fair Housing Act related to the same lease. The district court, *sua sponte*, dismissed Lewis's complaint as barred by *res judicata* and as frivolous under 28 U.S.C. § 1915(e)(2)(B).[1] Lewis now appeals the district court's dismissal.

---

[1] Barrons never appeared in the district court in the second federal case.

## II.    Discussion[2]

On appeal, Lewis argues that his complaint was not barred by *res judicata* and was not frivolous, the magistrate judge's status as an unregistered foreign agent and reliance on false evidence created reversible error, and the district court judge was required to recuse herself from this case.[3]

A claim is frivolous if it is without arguable merit either in law or fact. *Miller*, 541 F.3d at 1100. Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil

---

[2] We review a district court's *sua sponte* dismissal based on frivolity under Section 1915(e)(2)(B)(i) for an abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

When, as here, a party "fail[s] to seek recusal of the district judge in the proceedings below," we review the judge's decision not to recuse for plain error. *Jenkins v. Anton*, 922 F.3d 1257, 1272 (11th Cir. 2019) (quotation omitted). While we construe Lewis's arguments below liberally, he only made a passing reference to an alleged conflict of interest in a motion for reconsideration, he did not seek recusal in that or any other motion, and the district court never ruled on this issue. Accordingly, we apply the civil plain error standard. Under the civil plain error standard, we review the issue only if "a miscarriage of justice will result from our refusal to do so." *Id.* (alteration adopted) (quotation omitted).

[3] We need not reach the issue of *res judicata* or arguments related to the magistrate judge because the frivolity of Lewis's complaint was a sufficient ground to dismiss this case independent of any findings the magistrate judge made. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect.").

of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* (quotations omitted). "On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

Lewis already litigated the claims at issue here in his first federal case. That case, like the instant one, brought Fair Housing Act claims against Barrons. Like this case, Lewis alleged in the first federal case that Barrons discriminated against him because of his familial status, race, and disability by not providing adequate parking, failing to make repairs to his apartment, and evicting him after he failed to renew his lease. The allegations in each case span the same time period and are related to the same lease.

In the first federal case, the district court dismissed Lewis's complaint for failure to state a claim. When Lewis appealed, this Court denied Lewis's motion for leave to proceed *in forma pauperis* because his appeal of the district court's dismissal was frivolous. Because we already determined that Lewis's appeal of his first federal case—which covered the same alleged conduct as his claims in this case—was frivolous, the district court did not abuse its discretion by dismissing this case as frivolous.

Next, we turn to Lewis's argument that the district court judge should have recused herself because of her prior employment with Barrons's counsel. He contends that the judge was a former partner at Clark Partington, the firm that represents Barrons.

Here, there is no conflict of interest because Barrons did not appear in the district court in this case and no counsel filed a notice of appearance on Barrons's behalf. Clark Partington did, however, represent Barrons in the first suit Lewis brought. Even assuming that the district court judge used to work at a law firm that has since represented Barrons in a previous matter, those circumstances alone do not create a miscarriage of justice. Therefore, Lewis has not met the plain error standard required for our review. *See Jenkins*, 922 F.3d at 1272.

### III.    Conclusion

The district court did not abuse its discretion by dismissing Lewis's complaint as frivolous and Lewis is not entitled to review of whether the district court judge should have recused herself.

**AFFIRMED.**